J-S79035-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
                                  :            PENNSYLVANIA
            Appellee         :
                                   :
               v.            :
                                   :
ANGEL MONTES,                :
                                 :
           Appellant      :   No. 1265 EDA 2014

Appeal from the Judgment of Sentence Entered March 25, 2014,
in the Court of Common Pleas of Delaware County,
Criminal Division, at No(s): CP-23-CR-0004185

BEFORE:    ALLEN, OLSON, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:       **FILED FEBRUARY 10, 2015**

Angel Montes (Appellant) appeals from the judgment of sentence entered March 25, 2014 following his conviction for various drug offenses. We vacate Appellant's judgment of sentence and remand for resentencing.

On March 1, 2010, Appellant pled guilty and was sentenced to two to four years of incarceration for possession of a controlled substance with intent to deliver at CP-23-CR-0006909-2009. Appellant was paroled in June of 2012. On May 27, 2013, Appellant failed to appear at a scheduled appointment with his parole agent, Arthur Rothwell. On June 12, 2013, Agent Rothwell went to Appellant's home on Wanamaker Avenue in Essington, Pennsylvania, and left a note advising him to come to Rothwell's office the following day.

---

*Retired Senior Judge assigned to the Superior Court.

On June 13, 2013, Appellant appeared at Agent Rothwell's office with his young son. When asked to submit a urine sample, Appellant informed Agent Rothwell that he would likely test "hot," or positive, for marijuana. In response, Agent Rothwell informed his supervisor of Appellant's statement, as well as the charges for which he was on parole. After arrangements were made for Appellant's child, a search of his person was conducted. This search did not reveal any contraband. Agent Rothwell, his supervisor, and two other parole agents then conducted a search of Appellant's home and vehicle.

During the search of Appellant's bedroom, Agent Rothwell discovered in the top dresser drawer a box containing $610, underneath of which was a digital scale. Another drawer contained a bag of suspected marijuana. Additionally, a child's book bag in the bedroom was found to contain suspected cocaine, both loose and packaged for sale, as well as other drug paraphernalia. Subsequently, Appellant was arrested and charged with multiple offenses stemming from the search of his home.

On September 24, 2013, Appellant filed a motion to suppress physical evidence. A hearing was held on October 17, 2013, and on November 7, 2013, the trial court denied Appellant's motion. On February 26, 2014, following a jury trial, Appellant was found guilty of possession of a controlled

substance with intent to deliver (cocaine), possession of a small amount of marijuana, and possession of drug paraphernalia.

On March 25, 2014, Appellant was sentenced to an aggregate term of five to ten years' incarceration. This timely appeal followed. Appellant complied with the trial court's request to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises two issues on appeal. Appellant's Brief at 5. First, he contends that Agent Rothwell lacked the reasonable suspicion necessary to conduct a warrantless search of his vehicle and residence. *Id.* at 15-17. He also argues, pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), that the mandatory minimum sentence imposed in this matter is illegal and must be vacated. *Id.*[1]

We address Appellant's first issue mindful of the following.

> Our analysis of this question begins with the presumption that where a motion to suppress has been filed, the burden is on the Commonwealth to establish by a preponderance of the evidence that the challenged evidence is admissible. If the trial court denies the motion, we must determine whether the record supports the trial court's factual findings and whether the legal conclusions drawn therefrom are free from error. In so doing, we may consider only the evidence of the prosecution and so

---

[1] This claim is not contained in Appellant's 1925(b) statement. However, we address it "despite the appellant's failure to preserve the issue below, because a challenge to a sentence premised upon *Alleyne*... implicates the legality of the sentence and, thus, it cannot be waived on appeal." *Commonwealth v. Vargas*, __ A.3d __, 2014 WL 7447678 (Pa. Super. filed December 31, 2014) (*en banc*).

much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

*Commonwealth v. Berkheimer*, 57 A.3d 171, 177 (Pa. Super. 2012) (*en banc*) (citations and quotations omitted).

As noted above, at the time of the search of Appellant's vehicle and residence, he was serving a parole sentence. Searches of parolees suspected of possessing contraband are governed by 61 Pa.C.S. § 6153, which provides, in relevant part:

**(b) Searches and seizures authorized.**--

(1) Agents may search the person and property of offenders in accordance with the provisions of this section.

(2) Nothing in this section shall be construed to permit searches or seizures in violation of the Constitution of the United States or section 8 of Article I of the Constitution of Pennsylvania.

\* \* \*

**(d) Grounds for personal search of offender.**--

(1) A personal search of an offender may be conducted by an agent:

(i) if there is a reasonable suspicion to believe that the offender possesses contraband or other evidence of violations of the conditions of supervision;

* * *

> (2) A property search may be conducted by an agent if there is reasonable suspicion to believe that the real or other property in the possession of or under the control of the offender contains contraband or other evidence of violations of the conditions of supervision.

*Id.*

Appellant argues that the search of his vehicle and home violated his constitutional rights because (1) without inquiring further into Appellant's statement that his urine sample would be "hot," Agent Rothwell did not have reasonable suspicion to support a search of Appellant's vehicle or residence, and (2) the search was not reasonably related to the suspected narcotics violation (*i.e.*, use of marijuana). Appellant's Brief at 16.

As noted above, a property search may be conducted by a parole agent "if there is reasonable suspicion to believe that the real or other property in the possession of or under the control of the offender contains contraband or **other evidence of violations of the conditions of supervision**." 61 Pa.C.S. § 6153(d)(2) (emphasis added). The statute further provides that

> (6) The existence of reasonable suspicion to search shall be determined in accordance with constitutional search and seizure provisions as applied by judicial decision. In accordance with such case law, the following factors, where applicable, may be taken into account:

(i) The observations of agents.

(ii) Information provided by others.

(iii) The activities of the offender.

(iv) Information provided by the offender.

(v) The experience of agents with the offender.

(vi) The experience of agents in similar circumstances.

(vii) The prior criminal and supervisory history of the offender.

(viii) The need to verify compliance with the conditions of supervision.

61 Pa.C.S. § 6153(d)(6).

As this Court has stated:

[b]ecause the very assumption of the institution of parole is that the parolee is more likely than the ordinary citizen to violate the law, the agents need not have probable cause to search a parolee or his property; instead, reasonable suspicion is sufficient to authorize a search. Essentially, parolees agree to endure warrantless searches based only on reasonable suspicion in exchange for their early release from prison.

The search of a parolee is only reasonable, even where the parolee has signed a waiver ..., where the totality of the circumstances demonstrate that (1) the parole officer had reasonable suspicion to believe that the parolee committed a parole violation; and (2) the search was reasonably related to the duty of the parole officer. The determination of whether reasonable suspicion exists is to be considered in light of the totality of the circumstances.

***Commonwealth v. Colon***, 31 A.3d 309, 315 (Pa. Super. 2011) (citations omitted).

The record reveals the following facts. Appellant failed to appear for a scheduled parole meeting. Agent Rothwell testified that he suspected Appellant may have missed this appointment due to "possible use of illegal substances, which is why [he] wanted to get a urine [sample] from [Appellant.]" N.T., 10/17/2013, at 30. When Appellant came to Agent Rothwell's office on June 13, 2013, he brought his young son. Agent Rothwell testified that it is was not unusual for parolees to bring children with them to appointments as a way to avoid arrest. ***Id.*** at 31. Appellant then confirmed to Agent Rothwell that his urine sample would likely test positive for marijuana. Agent Rothwell, knowing that Appellant's parole-approved residence on Wanamaker Avenue was also the location of his underlying narcotics trafficking conviction, requested permission from his supervisor to search Appellant's vehicle and residence for narcotics and related paraphernalia.

Based on the totality of the circumstances, including a consideration of the factors set forth in 61 Pa.C.S. § 6153(d)(6), we agree with the trial court that Agent Rothwell had reasonable suspicion to believe that Appellant had violated his parole and that Appellant's vehicle and residence contained contraband. Therefore, he was permitted to search those locations.

*Commonwealth v. Koehler,* 914 A.2d 427 (Pa. Super. 2006) (holding warrantless search of parolee's residence permitted where parole agent had reasonable suspicion to suspect residence contained evidence of a crime or violation of condition of parole). Accordingly, we hold that the trial court did not err in denying Appellant's motion to suppress.

Appellant next challenges the legality of his sentence, arguing that the trial court unlawfully imposed a mandatory minimum sentence pursuant to 18 Pa.C.S. § 7508, which provides, in relevant part:

> (3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:
>
> > (ii) when the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams; three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: five years in prison and $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity[.]

***

- 8 -

**(b) Proof of sentencing.--**Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

18 Pa.C.S. § 7508(a)(3)(ii), (b).

The United States Supreme Court, in **Alleyne**, held that any facts leading to an increase in a mandatory minimum sentence are elements of the crime and must be presented to a jury and proven beyond a reasonable doubt.

According to the **Alleyne** Court, a fact that increases the sentencing floor is an element of the crime. Thus, it ruled that facts that mandatorily increase the range of penalties for a defendant must be submitted to a fact-finder and proven beyond a reasonable doubt. The **Alleyne** decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard.

**Commonwealth v. Watley**, 81 A.3d 108, 117 (Pa. Super. 2013) (*en banc*) (footnote omitted).

This Court's recent decisions in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) and **Commonwealth v. Valentine**, 101 A.3d 801, (Pa. Super. 2014) are instructive.

> In ***Newman****,* we reviewed the constitutionality of 42 Pa.C.S.A. § 9712.1, which enhances the minimum sentence where a firearm is found on a drug dealer, an accomplice, or in the vicinity of the contraband. …
>
> [***]
>
> We explained in ***Newman*** that under ***Alleyne****,* the factual predicates for imposition of the § 9712.1 mandatory minimum sentence (*i.e.*, that the firearm was found on a drug dealer, an accomplice or in the vicinity of the contraband) "must be pleaded in the indictment, and must be found by the jury beyond a reasonable doubt before the defendant may be subjected to an increase in the minimum sentence." Concluding that the factual predicates for imposition of the mandatory minimum sentence had not been presented to a jury, we vacated the judgment of sentence.

***Valentine***, 101 A.3d at 810 (2014) (citations omitted) (quoting ***Newman***, 99 A.3d at 98, 101-02). Thus, in ***Newman***, this Court remanded for resentencing without consideration of the mandatory minimum sentences provided in Section 9712.1. ***Newman***, 99 A.3d at 103. Applying ***Newman***, the Court in ***Valentine*** vacated the judgment of sentence and remanded for resentencing without consideration of the mandatory minimum sentences at 42 Pa.C.S. §§ 9712 and 9713. ***Valentine***, 101 A.3d at 812 & n.4.

More recently, in ***Commonwealth v. Fennell***, --- A.3d ---, 2014 WL 6505791 (Pa. Super. 2014), this Court, applying the rationale of ***Valentine*** and ***Newman***, determined that, notwithstanding the fact triggering the imposition of a mandatory sentence under section 7508 was stipulated to at trial, the statute was facially unconstitutional. We are bound by this holding.

Thus, based on the foregoing, we vacate Appellant's sentence and remand for resentencing without consideration of the mandatory minimum sentences provided in section 7508.

Convictions affirmed. Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 2/10/2015