J-S07009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HARRY E. NEGRON-PIZARRO, | |
| Appellant | No. 1001 MDA 2014 |

Appeal from the Judgment of Sentence Entered January 30, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004768-2011

BEFORE:  BENDER, P.J.E., OLSON, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:             **FILED FEBRUARY 24, 2015**

Appellant, Harry Negron-Pizzaro, appeals *nunc pro tunc* from the judgment of sentence of an aggregate term of 8-20 years' incarceration, imposed following his guilty plea to charges of delivery and possession with intent to deliver (PWID) heroin.  Appellant argues that his sentence is illegal under **Alleyne v. United States**, 133 S.Ct. 2151 (2013). After careful review, we vacate Appellant's sentence and remand for resentencing.

On January 30, 2013, following Appellant's open guilty plea to four counts of delivery of heroin, and one count of PWID (heroin),[1] the trial court

---

[1] The facts supporting these charges are not necessary to the disposition of the instant appeal.

sentenced Appellant to an aggregate term of 8-20 years' incarceration.[2] Appellant filed an untimely motion for reconsideration of sentence on February 15, 2013. *See* Pa.R.Crim.P. 720(A)(1) (directing that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence"). The trial court denied the untimely motion on February 28, 2013. Appellant then filed a notice of appeal on April 1, 2013. However, because Appellant's post-sentence motion was untimely, it did not stay the 30-day appeal period, thus rendering untimely his notice of appeal, which was filed two months after his judgment of sentence. *See* Pa.R.A.P. 903 ("Except as otherwise prescribed by this rule, the notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken."); *see also Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 n.1 (Pa. Super. 2003) ("Only a timely-filed post-sentencing motion will trigger an extension of the time for filing a notice of appeal."). Accordingly, on June 14, 2013, this Court quashed Appellant's untimely, first direct appeal.

Appellant subsequently filed a *pro se* PCRA petition on December 26, 2013. The PCRA court appointed PCRA counsel by order dated January 23, 2014, and ordered counsel to file an amended petition within 60 days. An

---

[2] Appellant's aggregate sentence consisted of the following components: Count 1 (delivery), 3-10 years' incarceration; Count 2 (delivery), 5-10 years' incarceration consecutive to Count 1; Counts 3-4 (delivery), 5-10 years' incarceration each, concurrent to Counts 1 and 2; Count 4 (PWID), 5-10 years' incarceration, concurrent to Counts 1 and 2.

amended petition was filed, alleging that prior counsel had rendered ineffective assistance by failing to file a timely notice of appeal from Appellant's January 30, 2013 judgment of sentence. By order dated May 14, 2014, the PCRA court granted relief by reinstating Appellant's direct appeal rights *nunc pro tunc*. Appellant then filed a *nunc pro tunc* notice of appeal on June 12, 2014. Appellant filed a timely Pa.R.A.P. 1925(b) statement, and the trial court issued its Rule 1925(a) opinion on August 12, 2014.

Appellant now presents the following questions for our review:

A. Whether Appellant was subjected to an unconstitutional mandatory minimum sentencing statute?

B. Whether Appellant satisfies the jurisdictional requirements of the Post-Conviction Relief Act pertaining to claims raising newly asserted constitutional rights?

Appellant's Brief at 4.

As an initial matter, we note that we will only address Appellant's first question. Appellant's second question is not cognizable at this time, because Appellant is before this Court on direct appeal from his January 30, 2013 judgment of sentence. Appellant is not before this Court on appeal from the granting or denying of a PCRA court order. Accordingly, his second issue is moot.

Here, it is undisputed that the trial court applied mandatory minimum sentences (specifically, those prescribed by 18 Pa.C.S. § 7508) in fashioning Appellant's sentence. In **Alleyne**, the Supreme Court of the United States, held that, pursuant to the Sixth Amendment, any fact that increases the

- 3 -

mandatory minimum sentence for an offense must be submitted to a jury and found beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2163.[3]

The express language utilized in Section 7508(b) ("**Proof at sentencing**") directly contradicts the *Alleyne* rule, as this Court recently recognized in *Commonwealth v. Vargas*, 2014 WL 7447678 (Pa. Super. Dec. 31, 2014) (*en banc*). Therein, a unanimous, *en banc* panel of this Court explained:

> A panel of this Court recently held that our *en banc* opinion in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*)[,] and the panel decision in *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014)[,] mandate that we hold 18 Pa.C.S.A. § 7508 unconstitutional in its entirety. Thus, a mandatory minimum sentence imposed under this statute is illegal. *Commonwealth v. Fennell*, 2014 WL 6505791, *1–8 (Pa. Super. Nov. 21, 2014). Specifically, the *Fennell* Court noted that 18 Pa.C.S.A. § 7508 is structured in the same manner as the statutes that were at issue in *Newman* and *Valentine*— and, as was true with the statutes at issue in *Newman* and *Valentine*, one particular subsection of 18 Pa.C.S.A. § 7508 is clearly unconstitutional under *Alleyne v. United States*, ––– U.S. ––––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). *See* 18 Pa.C.S.A. § 7508(b). In particular, Section 7508(b) contains the following unconstitutional burdens and procedures: it declares that the substantive, "aggravating facts" contained in Section 7508(a) are "not ... an element of the crime;" it declares that notice of either the "aggravating facts" or of the applicability of the mandatory minimum sentencing statute is "not ... required prior to conviction;" it declares that the applicability of the

---

[3] The Supreme Court explained, "[t]he essential point is that the aggravating fact produced a higher [sentencing] range, which, in turn, conclusively indicates that the fact is an element of a distinct and aggravated crime. It must, therefore, be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2162-63.

mandatory minimum statute "shall be determined at sentencing;" it declares that the Commonwealth need only prove the "aggravating facts" by a preponderance of the evidence; and, it declares that a judge—and not a jury—is to act as the fact-finder for purposes of determining the "aggravated facts." 18 Pa.C.S.A. § 7508(b). *Alleyne* rendered all of these burdens and procedures unconstitutional.

*Vargas*, 2014 WL 7447678 at *17 (footnote omitted).

Because the *Alleyne*-offending provision of Section 7508 was determined to be non-severable, any sentence imposed under that statute is illegal. *Id.* ("[A]s the Appellant in the case *sub judice* was sentenced to a mandatory minimum under Section 7508, which has been deemed unconstitutional, we must vacate Appellant's judgment of sentence and remand for resentencing, without consideration of the mandatory minimum sentence."). Thus, as Appellant was sentenced under that very same statute, his sentence is illegal. Therefore, we remand for resentencing, with instructions to the trial court to resentence Appellant without consideration of the mandatory minimum sentences set forth in 18 Pa.C.S. § 7508.

The Commonwealth suggests that we should reserve judgment regarding the legality of Appellant's sentence, premised upon the argument that Section 7508(b) is severable from the rest of Section 7508. However, that matter was effectively decided in *Vargas* when this Court adopted the reasoning of *Newman*, which had found a nearly identical 'proof at sentencing' provision not severable from 42 Pa.C.S. § 9712.1. The unanimous nature of our decision in *Vargas* with regard to the unconstitutionality of the entirety of Section 7508 due to the *Alleyne*-

offending subsection, Section 7508(b), leaves us unpersuaded by the Commonwealth's argument that **Newman** was wrongly decided on the question of severability. Consequently, we decline to withhold judgment in this matter pending our Supreme Court's review of **Newman** (or **Vargas**).

Finally, both the trial court and the Commonwealth assert that **Alleyne** is inapplicable in this case because Appellant admitted the facts that triggered his mandatory minimum sentence during the course of his guilty plea. We disagree. Admission of such facts, in the context of a guilty plea, does not undermine the unconstitutional nature of the statute under which Appellant was sentenced. In this regard, Appellant's case is no different from Vargas', who had stipulated to the fact that triggered his mandatory minimum sentence under Section 7508. Moreover, a careful reading of **Vargas** indicates that, even if Section 7508(b) were severable from the statute as a whole, Appellant's sentence would still be illegal regardless of his guilty plea admissions.[4]

---

[4] Part II of my concurring and dissenting opinion in **Vargas**, which was joined by two other judges, was also effectively joined by two additional judges in the second footnote to President Judge Emeritus Ford Elliott's concurring statement. **See Vargas**, 2014 WL 7447678 at *18 n.2 (Ford Elliot, P.J.E., concurring statement). Consequently, a majority of the **Vargas** Court held that pre-**Alleyne** stipulations to drug weights implicating mandatory minimum sentences under Section 7508 cannot survive scrutiny under **Alleyne** because "such pre-**Alleyne** stipulations only had the practical effect of conceding that the Commonwealth could prove the weight of the drugs by a preponderance of the evidence at sentencing." **Vargas**, 2014 WL 7447678 at *22 (Bender, P.J.E., concurring and dissenting). Admissions of drug weights that trigger mandatory minimum sentences under Section
*(Footnote Continued Next Page)*

Judgment of sentence **vacated**.  Case **remanded** for resentencing consistent with this memorandum.  Jurisdiction **relinquished**.

Judge Ott joins this memorandum.

Judge Olson files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2015

*(Footnote Continued)* ————————————

7508 that were made during guilty pleas in the pre-**Alleyne** era are no different in this regard from stipulations made during trials in the pre-**Alleyne** era.  In either case, such admissions were made in anticipation of a lower standard of proof than is now required by **Alleyne**.  Thus, Appellant's sentence cannot survive scrutiny under **Alleyne**, even if our Supreme Court ultimately rejects the case for non-severability as set forth by this Court in **Newman**, and as applied in **Vargas**.