J-A30015-14

2014 PA Super 263

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMAR CARDWELL | |
| Appellant | No. 2392 EDA 2013 |

Appeal from the Judgment of Sentence June 18, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009069-2012

BEFORE:  LAZARUS, J., MUNDY, J., and PLATT, J.[*]

OPINION BY MUNDY, J.:                    **FILED NOVEMBER 25, 2014**

Appellant, Jamar Cardwell, appeals from the June 18, 2013 aggregate judgment of sentence of three to six years' imprisonment, after he was convicted of one count each of possession with intent to deliver (PWID) and intentional possession of a controlled substance.[1]  After careful review, we vacate and remand for resentencing.

We summarize the relevant factual and procedural background of this case as follows.  On August 8, 2012, the Commonwealth filed an information charging Appellant with the above-mentioned offenses.  On March 23, 2013, Appellant proceeded to a one-day bench trial, at the conclusion of which the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30) and 780-113(a)(16), respectively.

trial court convicted Appellant of both charges. On June 18, 2013, the trial court imposed a sentence of three to six years' imprisonment on each charge, to run concurrently to each other. Relevant to this appeal, Appellant received a three-year mandatory minimum sentence for PWID on the basis of the weight of the phencyclidine (PCP), pursuant to 18 Pa.C.S.A. § 7508(a)(4)(i). Appellant filed a timely post-sentence motion on June 26, 2013, which the trial court denied on August 13, 2013. On August 14, 2013, Appellant filed a timely notice of appeal.[2]

On appeal, Appellant raises one issue for our review.

> Did not the [trial] court err in applying certain provisions of the mandatory minimum sentencing statute at 18 Pa.C.S. § 7508 to [Appellant]'s case, and thereby sentencing [Appellant] to a term of incarceration of 3 to 6 years, in that portions of [Section] 7508 are facially unconstitutional pursuant to **Alleyne v. United States**, 133 S. Ct. 2151 (2013), and are non-severable from the remaining provisions of the statute?

Appellant's Brief at 3.

At the outset, we note that issues pertaining to **Alleyne** go directly to the legality of the sentence. **Commonwealth v. Lawrence**, 99 A.3d 116, 123 (Pa. Super. 2014). With this in mind, we begin by noting our well-settled standard of review. "A challenge to the legality of a sentence … may be entertained as long as the reviewing court has jurisdiction."

---

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925.

*Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 n.8 (Pa. Super. 2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." *Id.* "Issues relating to the legality of a sentence are questions of law[.] … Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

In this case, Appellant was sentenced under a mandatory minimum statute at Section 7508, which provides in relevant part, as follows.

**§ 7508. Drug trafficking sentencing and penalties**

**(a) General rule.--**Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

…

(4) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is methamphetamine or phencyclidine or is a salt, isomer or salt of an isomer of methamphetamine or phencyclidine or is a mixture containing methamphetamine or phencyclidine, containing a salt of methamphetamine or phencyclidine, containing an isomer of methamphetamine or phencyclidine, containing a salt of an isomer of methamphetamine or phencyclidine shall, upon conviction, be sentenced to

a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

(i) when the aggregate weight of the compound or mixture containing the substance involved is at least five grams and less than ten grams; three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: five years in prison and $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity;

…

**(b) Proof of sentencing.--**Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

18 Pa.C.S.A. § 7508.

This Court recently explained **Alleyne**'s impact on the imposition of mandatory minimum sentences as follows.

In **Alleyne**, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt. **Alleyne**, **supra** at 2163. **Alleyne** is an extension of the Supreme Court's line of cases beginning with **Apprendi v. New Jersey**, 530 U.S. 466 (2000). In **Alleyne**, the Court

- 4 -

overruled *Harris v. United States*, 536 U.S. 545 (2002), in which the Court had reached the opposite conclusion, explaining that there is no constitutional distinction between judicial fact finding which raises the minimum sentence and that which raises the maximum sentence.

> It is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime.  Indeed, criminal statutes have long specified both the floor and ceiling of sentence ranges, which is evidence that both define the legally prescribed penalty.  This historical practice allowed those who violated the law to know, *ex ante,* the contours of the penalty that the legislature affixed to the crime—and comports with the obvious truth that the floor of a mandatory range is as relevant to wrongdoers as the ceiling.  A fact that increases a sentencing floor, thus, forms an essential ingredient of the offense.

> Moreover, it is impossible to dispute that facts increasing the legally prescribed floor aggravate the punishment.  Elevating the low-end of a sentencing range heightens the loss of liberty associated with the crime: the defendant's expected punishment has increased as a result of the narrowed range and the prosecution is empowered, by invoking the mandatory minimum, to require the judge to impose a higher punishment than he might wish.  Why else would Congress link an increased mandatory minimum to a particular aggravating fact other than to heighten the consequences for that behavior?  This reality demonstrates that the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury.

*Alleyne*, *supra* at 2160-2161 (internal quotation marks and citations omitted).

*Commonwealth v. Miller*, --- A.3d ---, 2014 WL 4783558, *4-5 (Pa. Super. 2014). Although Appellant was convicted at a bench trial, under the Due Process Clause, he was still entitled to have the extra element of the aggravated offense found by the factfinder beyond a reasonable doubt pursuant to *Alleyne* and *In re Winship*, 397 U.S. 358 (1970). *Alleyne*, *supra* at 2156.

This Court has recently noted that Section 7508(a)(2)(ii) cannot be constitutionally applied in light of *Alleyne*, resulting in an illegal sentence. *See Commonwealth v. Thompson*, 93 A.3d 478, 493 (Pa. Super. 2014) (resolving an as-applied challenge to Section 7508(a)(2)(ii) in Thompson's favor in light of *Alleyne* and remanding for resentencing). However, in this case, Appellant argues that Section 7508 is **facially** unconstitutional in its entirety and its subsections cannot be severed from one another. Appellant's Brief at 16-18. The Commonwealth counters that because Appellant stipulated to the drug weight for the purposes of trial, any error regarding *Alleyne* was rendered harmless. Commonwealth's Brief at 10-11. Both parties cite to this Court's recent decision in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*).

In *Newman*, this Court confronted the same type of challenge to the mandatory minimum found at Section 9712.1, regarding the distance between drugs and guns. *Id.* at 91. Section 9712.1 has the same format as Section 7508 in that one subsection contains the added element of the

aggravated offense, and another subsection states that the elements shall be found by the trial court by a preponderance of the evidence. *See id.*, *quoting* 42 Pa.C.S.A. §§ 9712.1(a), 9712.1(c); 18 Pa.C.S.A. §§ 7508(a)(4)(i), 7508(b).

The **Newman** Court first concluded that the defendant's sentence was illegal in light of **Alleyne** and required this Court to vacate and remand for resentencing. **Id.** at 98. However, this Court noted that **Alleyne** issues are subject to harmless error analysis, but nevertheless concluded that the **Alleyne** issue in **Newman** was not harmless. **Id.** at 98-100.

> We cannot find that the error here was harmless, because the evidence as to the element of "in close proximity" was not necessarily overwhelming. As previously noted, the drug contraband was found in a bathroom. The firearm was found under a mattress in a bedroom across the hallway, and the actual distance between the contraband and the firearm was six to eight feet. Recently, our supreme court discussed at length the meaning of "in close proximity" as it is used in Section 9712.1. *See* **Commonwealth v. Hanson**, 82 A.3d 1023 (Pa. 2013), generally. The **Hanson** court noted that the concept of "in close proximity" is inherently imprecise and observed the differing conclusions as to its meaning both among the courts of this Commonwealth and among the courts of other jurisdictions. **Hanson**, 82 A.3d at 1037–1038, and otherwise, generally. If learned jurists cannot decide with precision what constitutes "in close proximity," we cannot say with finality that a panel of lay jurors would undoubtedly conclude from the evidence here that the firearm was "in close proximity" to the drug contraband.

*Id.* at 99-100. Finally, this Court rejected the Commonwealth's argument that, if the error was not harmless, the appropriate remedy would be to remand to the trial court to empanel a second sentencing jury. Specifically, in rejecting this argument, the ***Newman*** Court concluded that Section 9712.1 in its entirety must be struck down as unconstitutional in light of ***Alleyne***, concluding that its subsections were not severable.[3]

> The Commonwealth's suggestion that we remand for a sentencing jury would require this court to manufacture whole cloth a replacement enforcement mechanism for Section 9712.1; in other words, the Commonwealth is asking us to legislate. We recognize that in the prosecution of capital cases in Pennsylvania, there is a similar, bifurcated process where the jury first determines guilt in the trial proceeding (the guilt phase) and then weighs aggravating and mitigating factors in the sentencing proceeding (the penalty phase). However, this mechanism was created by the General Assembly and is enshrined in our statutes at 42 Pa.C.S.A. § 9711. We find that it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following ***Alleyne***. We cannot do so.

---

[3] The author in this case concurred in the result in ***Newman***, disagreeing with the majority that the subsections of Section 9712.1 could not be severed, concluding that no special "mechanism" was required to allow a jury to find the element of the aggravated offense beyond a reasonable doubt. *Id.* at 105 (Mundy, J., concurring). The author continues to believe ***Newman*** was wrongly decided on that point; however, it is binding on this Court and must be applied in a principled manner in all future cases unless reversed by our Supreme Court.

***Id.*** at 102.[4]

In the case *sub judice*, during trial, Appellant stipulated that the total weight of the PCP was 6.148 grams. Specifically, the Commonwealth presented laboratory reports showing that one item contained 4.496 grams and one item contained 1.652 grams of phencyclidine. N.T., 3/23/13, at 82-84; N.T., 3/23/13, Commonwealth's Exhibit 1, at 16. The trial court noted in its Rule 1925(a) opinion that it, sitting as the factfinder, found "the evidence submitted at trial and which was determined to be entirely credible, established beyond a reasonable doubt that [] Appellant possessed over 6 grams of PCP with the intent to distribute such to various people he came in contact with that day." Trial Court Opinion, 1/16/14, at 6.

However, we are mindful of this Court's recent decision in ***Commonwealth v. Valentine***, --- A.3d ---, 2014 WL 4942256 (Pa. Super. 2014). In ***Valentine***, the Commonwealth sought to have a mandatory minimum sentence imposed against the defendant. The trial court allowed the Commonwealth to amend the information to include the necessary additional elements required by ***Alleyne*** to be found by the jury beyond a reasonable doubt. ***Id.*** at *1. The two questions were submitted to the jury, and it found the additional elements beyond a reasonable doubt. ***Id.*** As a

---

[4] We note the Commonwealth has filed a petition for allowance of appeal with our Supreme Court in ***Newman***, docketed at 646 MAL 2014. As of the date of this decision, it is still pending.

result, the trial court imposed the appropriate mandatory minimum sentences pursuant to the appropriate statutes. ***Id.***

Although the trial court seemingly followed ***Alleyne***'s requirements, the ***Valentine*** Court held that the trial court was not permitted to allow the jury to resolve the mandatory minimum questions absent legislative action in accordance with ***Newman***.

> Here, the trial court permitted the jury, on the verdict slip, to determine beyond a reasonable doubt whether Appellant possessed a firearm that placed the victim in fear of immediate serious bodily injury in the course of committing a theft for purposes of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9712(a), and whether the crime occurred in whole or in part at or near public transportation, for purposes of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. § 9713(a). The jury responded "yes" to both questions. In presenting those questions to the jury, however, we conclude, in accordance with ***Newman***, that the trial court performed an impermissible legislative function by creating a new procedure in an effort to impose the mandatory minimum sentences in compliance with ***Alleyne***.

> The trial court erroneously presupposed that only Subsections (c) of both 9712 and 9713 (which permit a trial judge to enhance the sentence based on a preponderance of the evidence standard) were unconstitutional under ***Alleyne***, and that Subsections (a) of 9712 and 9713 survived constitutional muster. By asking the jury to determine whether the factual prerequisites set forth in § 9712(a) and § 9713(a) had been met, the trial court effectively determined that the unconstitutional provisions of § 9712(c) and § 9713(c) were severable. Our decision in ***Newman*** however holds that the unconstitutional provisions of § 9712(c) and § 9713(c) are not severable but "essentially and

inseparably connected" and that the statutes are therefore unconstitutional as a whole. *Id.* at 13–14. ("If Subsection (a) is the predicate arm … then Subsection (c) is the enforcement arm. Without Subsection (c), there is no mechanism in place to determine whether the predicate of Subsection (a) has been met.").

Moreover, *Newman* makes clear that "it is manifestly the province of the General Assembly to determine what new procedures must be created in order to impose mandatory minimum sentences in Pennsylvania following *Alleyne*." *Newman* at 14. Therefore, the trial court lacked the authority to allow the jury to determine the factual predicates of §§ 9712 and 9713. *See Newman* at 14–15 (recognizing that several trial courts of this Commonwealth have found Section 9712.1 as a whole to be no longer workable without legislative guidance).

*Id.* at *8. As a result, this Court vacated Valentine's judgment of sentence and remanded for resentencing, without the applicable mandatory minimum sentences.[5] *Id.* at *9.

---

[5] As noted above, *Newman* did acknowledge that *Alleyne* errors, like those under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), are subject to harmless error analysis. *See generally Newman*, *supra* at 98-100. However, if *Newman*'s overriding conclusion is, as *Valentine* suggests, that mandatory minimum statutes in Pennsylvania must be stricken in their entirety as facially unconstitutional, any discussion of harmless error is rendered moot. This is because, once the Court concludes that the subsections cannot be severed and must all be struck down, there is no statutorily authorized sentence upon which a harmless error analysis may be applied. *See, e.g.*, *Rivera*, *supra* (stating, "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction[]") (citation omitted).

In the instant case, as noted above, the Commonwealth and Appellant entered into a stipulation that the total weight of the PCP in this case was 6.148 grams. N.T., 3/23/13, at 82-84; N.T., 3/23/13, Commonwealth's Exhibit 1, at 16. As a result, the trial court concluded that the Commonwealth did prove this element to the trial court beyond a reasonable doubt, as required by **Alleyne** and **Winship**. Trial Court Opinion, 1/16/14, at 6. However, this conclusion was premised on the trial court's belief that Section 7508(b), which permits the trial court to find the necessary elements by a preponderance of the evidence, was severable from the rest of the statute. **Id.** Pursuant to this Court's decision in **Newman**, this conclusion was not correct.

Furthermore, we see no meaningful difference, for the purposes of **Newman** and **Valentine**, between submitting the element to the jury and accepting a stipulation from a defendant. They both have the purpose of finding a method to impose a mandatory minimum sentence outside the statutory framework, but consistent with **Alleyne**. However, both **Newman** and **Valentine** unequivocally state that creating a new procedure in an effort to impose a mandatory minimum sentence is **solely** within the province of the legislature. **See Newman**, **supra**; **Valentine**, **supra**. While submission to a jury is a more formal and involved procedure, we decline to fracture **Newman** and **Valentine** further by concluding that when read together, they only prohibit **formal** mandatory minimum procedures,

but permit informal ones. Based on these considerations, we conclude that the trial court erred in imposing the mandatory minimum sentence in this case. As a result, Appellant is entitled to relief.

Based on the foregoing, we are constrained to conclude the trial court erred in imposing the mandatory minimum sentence in light of this Court's recent decisions in **Newman** and **Valentine**. Accordingly, the trial court's June 18, 2013 judgment of sentence is vacated, and the case is remanded for resentencing, without the mandatory minimum, consistent with this opinion.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/25/2014</u>