**Commonwealth v. Latham**

C.P. of Lawrence County, No. 911 of 2009, CR

*Gregory Simantic*, for Commonwealth.
*Peter E. Horne*, for defendant.

HODGE, *J.*, Feb. 2, 2015—Before the court for

disposition is a petition for post conviction relief filed on behalf of the defendant, Darnell D. Latham. Defendant contends that he is eligible for relief because he received ineffective assistance of counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Defendant further contends that he received a sentence in excess of the state mandatory maximum guidelines, and the defendant is specifically requesting this court to resentence him on the convictions incurred at the above captioned case number.

On March 26, 2008, Douglas C. Brink, an agent with the Pennsylvania Bureau of Narcotics Investigation, supervised a controlled purchase of crack cocaine involving Mr. Jamal Hill, a confidential informant, and Rashada Booker. Defendant Latham previously provided the informant with a telephone number at which the informant could contact defendant Latham to purchase drugs. Under the supervision of agent Brink, the informant called defendant Latham to arrange for a sale of one ounce of crack cocaine in exchange for $800.00. Defendant Latham agreed to meet the informant in the parking lot outside of Tic-Toc (a locally known convenience store) at 601 East Washington Street in New Castle, and the informant was searched prior to the exchange taking place by agent Brink. Immediately after the informant arrived at 601 East Washington Street, a silver sedan pulled into the parking lot driven by an individual other than the defendant. The informant knowing the driver as the defendant's girlfriend, Rashada Booker, got in the

vehicle, spoke briefly with Ms. Booker and exited the vehicle. The informant later testified to having purchased one ounce of cocaine from Ms. Booker while he was in the silver sedan. At trial, the Commonwealth established that defendant Latham arranged for Ms. Booker to meet the informant at the aforementioned location, and for Ms. Booker to sell the informant the drugs. Following this transaction, the informant was again searched, and which time he provided agent Brinks with the once ounce of crack cocaine purchased from Ms. Booker.

On May 26, 2009, the defendant was charged with possession with intent to deliver a controlled substance, drug, device or cosmetic (35 P.S. 780-113(a) (30)), one count of conspiracy to deliver a controlled substance (18 Pa.C.S.A. 903 (a)/35 P.S. 780-113 (a)(30)), and one count of criminal use of a communication facility (18 Pa.C.S.A. 7513(a)). The case proceeded to trial, and the defendant was ultimately convicted of all charges. Defendant was sentenced on April 19, 2011 for the aforementioned convictions. Defendant subsequently appealed his convictions to the Superior Court of Pennsylvania. On November 13, 2012, the Superior Court issued a memorandum opinion sustaining the defendant's convictions, but directing this court to conduct a resentencing hearing to determine whether the defendant was eligible for the Recidivism Risk Reduction Incentive ("RRRI") program. *See Commonwealth v. Latham*, 1417 WDA 2011, p. 1. (Pa. Super. 2012).

On August 13, 2013, defendant appeared for a

resentencing hearing consistent with the remanded order and corresponding directive from the Pennsylvania Superior Court. Following this hearing, defendant was sentence to a term of incarceration of not less than 48 months nor more than 120 months for convictions sustained pursuant to the controlled substance, drug and cosmetic act.[1] Defendant was sentenced to a term of incarceration of not less than 12 months nor more than 24 months for his conviction of criminal use of a communication facility,[2] and a term of not less than 30 months nor more than 60 months for his conviction of conspiracy to deliver a controlled dubstance.[3] The sentences imposed were issued concurrent to each other. Defendant additionally received credit for 1025 days already served. The defendant's new sentence included a provision setting forth this court's finding that the defendant was ineligible to participate in the RRRI program because the defendant was previously convicted of recklessly endangering another person, in violation of 18 Pa.C.S.A. §2705, and firearms not to be carried without license, in violation of 18 Pa.C.S.A. §6106.

On June 17, 2014, defendant filed the instant petition for post-conviction relief, wherein defendant claimed that he received ineffective assistance of counsel and that the sentences imposed exceeded the maximum guidelines established by statute. A hearing on defendant's petition

---

1. 35 P.S. §780-113.
2. 18 Pa. C.S.A. §7513(a).
3. 18 Pa. C.S.A. §903(a)/35 P.S. §780-113(a)(30).

for post-conviction relief was held before this court on December 4, 2014, at which time counsel agreed that the issues contained in defendant's petition were purely legal in nature and limited to the legality of the sentence imposed. Thus, defendant did not pursue his claim for ineffectiveness of counsel. The court directed counsel to brief the issue of whether defendant is entitled to a new sentencing hearing, which briefs have since been submitted to the court for consideration. Therefore, defendant's petition for post-conviction relief is properly before the court for consideration.

To be eligible for relief under the Commonwealth of Pennsylvania's Post-Conviction Relief Act (hereinafter, "PCRA"), the petitioner must satisfy four general requirements. First, the petitioner must have been convicted of a crime under Pennsylvania law and subsequently sentenced to either incarceration or probation. 42 Pa.C.S.A. §9543(a)(1). Second, the conviction and sentence must have resulted from at least one of the errors and/or violations elucidated in §9543 (a)(2) of the PCRA, which includes the imposition of sentence greater than the lawful maximum. Third, the allegation of error must have been previously litigated or waived by the petitioner. 42 Pa.C.S.A. §9543(a)(3). Finally, the petitioner must demonstrate that the failure to litigate the claim could not have been "the result of any rational, strategic or tactical decision by counsel." 42 Pa.C.S.A. §9543(a)(4).

As previously stated, counsel agreed to narrow the issue pending before the court to whether the sentence,

currently being served by the defendant, exceeds the lawful maximum pursuant to 18 Pa.C.S.A. §7508. The Court looks to the case of *Commonwealth v. Cardwell*, ---A.3d---, 2014 WL 6656644 (Pa. Super. 2014), as it is dispositive of defendant's petition. In *Cardwell*, the defendant was convicted of possession with intent to deliver and possession of a controlled substance. *Id.* at 1. The defendant was sentence to a three-year mandatory minimum sentence for possession with intent to deliver. *Id.* The defendant received an enhanced minimum sentence on the basis of the weight of the drugs involved, pursuant to 18 Pa.C.S.A. §7508(a)(4)(i). *Id.* Defendant appealed his sentence and challenged the mandatory minimum sentencing imposed under the statute. *Id.*

Upon review of Section 7508, the *Cardwell* Court determined that any element considered by the trial court in fashioning a sentencing order, must first be evaluated by the finder of fact as an extra element of the aggravated offense. *Id.* at 3. Notwithstanding the fact that the parties stipulated to the amount of drugs in question, Section 7508 cannot be used to enhance a defendant's minimum sentence without first a specific finding by the trier of fact. *Id.*

Section 7508 provides that:

Drug trafficking sentencing and penalties (a) General rule. — Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

(i) when the aggregate weight of the compound or mixture containing the substance involved is at least five grams and less than ten grams; three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: five years in prison and $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity;

(b) Proof of sentencing. — Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

18 Pa.C.S.A. § 7508.

In the instant case, and comparable to the facts of *Cardwell*, the Commonwealth and the defendant stipulated to the total weight of the drug involved being 26.1 grams.

Consequently, this court previously determined that the Commonwealth did prove this element beyond a reasonable doubt and fashioned a sentencing order accordingly. However, in view of the Superior Court's findings in *Cardwell*, the court finds the sentence enhancement to be erroneous and finds that defendant is therefore entitled to the relief requested.

## ORDER OF COURT

And now, this 2nd day of February, 2015, the matter being before the court for a hearing on defendant's petition for post-conviction relief, with deputy attorney general Gregory Simantic, Esquire, appearing on behalf of the Commonwealth of Pennsylvania and with the defendant, Darnell D. Latham, appearing and being represented by Peter E. Horne, Esquire, and consistent with the attached opinion, the court hereby orders and decrees as follows:

1. Defendant's petition for post conviction relief is granted.

2. Defendant shall be re-sentenced on the 17th day of March, 2015 at 8:30 a.m. in Courtroom #4 of the Lawrence County Government Center.

3. The clerk of courts is directed to serve a copy of this order of court and attachment(s) upon the deputy attorney general Gregory Simantic, Esquire, and counsel for the defendant, Peter E. Horne, Esquire.