J-S55022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MALIK MANDRUM a/k/a MALIK MANGRUM, | : | |
| | : | |
| | : | |
| Appellant | : | No. 3259 EDA 2013 |

Appeal from the Judgment of Sentence Entered June 26, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0011828-2012.

BEFORE: BOWES, SHOGAN and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED FEBRUARY 04, 2015**

Malik Mandrum a/k/a Malik Mangrum ("Appellant") appeals from the judgment of sentence entered on June 26, 2013, after the trial court, sitting as the fact finder, convicted him of various drug offenses. We vacate and remand.

At trial, Appellant stipulated to the weight of the drugs recovered by the police. Based on that weight, the trial court imposed a mandatory minimum sentence pursuant to 18 Pa.C.S. § 7508(a)(3)(i) and (b). Appellant argues on appeal that his sentence is illegal pursuant to ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151 (2013). Appellant also contends that 18 Pa.C.S. § 7508 is unconstitutional and its offensive components cannot be severed.

Applying this Court's recent decision in **Commonwealth v. Cardwell**, ___ A.3d ___, 2014 WL 6656644 (Pa. Super. filed Nov. 25, 2014) (holding that, because section 7508(b) is not severable, trial court violated **Alleyne** by imposing mandatory minimum sentence based on defendant's stipulation), we agree that Appellant's sentence is illegal for the reasons proffered. Thus, we affirm Appellant's convictions, but we vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judge Ott joins the Memorandum.

Judge Bowes files a Concurring Statement.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2015