J. S06032/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ISRAEL RODRIGUEZ, | : | |
| | : | |
| Appellant | : | No. 691 EDA 2014 |

Appeal from the Judgment of Sentence September 30, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division No(s).: CP-46-CR-0001615-2012

BEFORE: BENDER, P.J.E., LAZARUS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:            **FILED MARCH 09, 2015**

Appellant, Israel Rodriguez, appeals from the judgment of sentence entered in the Court of Common Pleas of Montgomery County after pleading guilty to ten counts of Possession with Intent to Deliver ("PWID") cocaine[1] and one count each of Corrupt Organizations,[2] Criminal Conspiracy,[3] and Criminal Use of Communication Facility.[4]  Appellant argues his sentences on

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 911(b)(4).

[3] 18 Pa.C.S. § 903(a)(1).

[4] 18 Pa.C.S. § 7512(a).

the PWID counts are illegal under **Alleyne**,[5] the court erred in denying eligibility for the Recidivism Risk Reduction Incentive program, and his sentence was excessive. The Commonwealth agrees Appellant's sentences on the PWID counts are illegal.[6] Commonwealth's Brief, 1/5/15, at 4. We vacate the judgment of sentence and remand for resentencing.

The trial court summarized the facts, as relevant, as follows:

> On December 21, 2011, Appellant was arrested for his role in a multi-county drug trafficking operation. . . .
>
> On February 5, 2013, Appellant entered into an open guilty plea before this Court . . . . In exchange for his guilty pleas to these thirteen counts, the Commonwealth *nol*[*le*] *prossed* the remaining counts. . . .
>
> At the hearing, there was an oral guilty plea colloquy as well as a written guilty plea colloquy that was reviewed and signed by Appellant. [N.T., Open Guilty Plea, 2/5/13, 4-21; Ex. D-1, Guilty Plea Colloquy].

Trial Ct. Op., 4/4/14, at 1-2.

On September 30, 2013, the trial court held a sentencing hearing. The court found that Appellant possessed more than 100 grams of cocaine on each PWID count, and it applied the mandatory minimum sentencing provisions of 18 Pa.C.S. § 7508. N.T., Sentencing Hr'g, 9/30/13, at 8-9. The court sentenced Appellant to an aggregate sixteen to forty years'

---

[5] **Alleyne v. United States,** 133 S.Ct. 2151, 2155 (2013).

[6] The Commonwealth preserved an objection that our case law applying **Alleyne** should be overruled. Commonwealth's Brief at 4-5.

imprisonment for the ten PWID counts,[7] and ordered him to serve probationary terms on the counts of Corrupt Organizations, Criminal Conspiracy, and Criminal Use of Communication Facility. *Id.* at 70-72.

Appellant filed a timely post-sentence motion on October 9, 2013, seeking to withdraw his plea. Trial Ct. Op. at 4. Appellant then filed a premature notice of appeal on October 29, 2013, and a court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal on November 19, 2013. *Id.* at 4 n.3. This Court quashed this interlocutory appeal on February 24, 2014, pending the resolution of Appellant's post-sentence motion. *Id.* The trial court denied Appellant's post-sentence motion on February 4, 2014, and Appellant timely filed a notice of appeal on February 28, 2014. *Id.* at 4. On March 4, 2014, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, but he did not respond.[8]

Generally, "issues not raised in a Rule 1925(b) statement will be deemed waived." ***Commonwealth v. Marion***, 981 A.2d 230, 237 (Pa. Super. 2009). However, "[c]hallenges to a court's application of a mandatory sentencing provision implicate the legality of the sentence," and

---

[7] Specifically, the trial court sentenced Appellant to four to ten years' imprisonment on each PWID count but ordered four of those sentences to run consecutively and the remaining six to run concurrently.

[8] The trial court, on April 4, 2014, authored a Pa.R.A.P. 1925(a) opinion responding to Appellant's previous Rule 1925(b) statement.

cannot be waived. *Id.* at 241. Therefore, we will address Appellant's challenge to the legality of the sentences on the PWID charges.

Our standard of review is well established:

> If no statutory authority exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Issues related to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary.

*Commonwealth v. Cardwell*, 105 A.3d 748, 750 (Pa. Super. 2014) (citations and punctuation omitted).

This Court has held that the mandatory sentencing provisions in Section 7508(a) and (b) are facially unconstitutional under *Alleyne*. *Id.* at 754 (applying, *inter alia*, *Commonwealth v. Newman*, 99 A.3d 86, 91 (Pa. Super. 2014) (*en banc*)). Moreover, the unconstitutional provisions are not severable.[9] *Id*. We therefore agree with the parties that the sentences on Appellant's PWID convictions cannot stand, vacate the sentences, and remand for resentencing.[10]

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

---

[9] We note that Appellant's plea in this matter did not involve specific admissions to weights of cocaine over 100 grams. Therefore, the trial court was required to engage in unconstitutional findings of fact when applying Section 7508.

[10] Appellant's remaining claims were not properly preserved and, in any event, are moot.

J. S06032/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2015