J-S41013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRAVIS LEE KITCHEN, | |
| Appellant | No. 1626 MDA 2014 |

Appeal from the Judgment of Sentence entered April 17, 2014,
in the Court of Common Pleas of Bradford County,
Criminal Division, at No(s): CP-08-CR-0000499-2013

BEFORE: ALLEN, LAZARUS, and PLATT*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED JULY 06, 2015**

Travis Lee Kitchen ("Appellant") appeals from the judgment of sentence imposed following his conviction for delivery of a controlled substance.[1]  For the following reasons, we vacate the judgment of sentence and remand for re-sentencing.

The pertinent facts and procedural history are as follows:  On October 10, 2012, Pennsylvania State Trooper Michael R. Adams received a call from a reliable confidential informant, who informed the officer that Appellant was selling Percocet pills.  Affidavit of Probable Cause, 5/14/13.  The confidential informant arranged a meeting with Appellant to purchase 30 Percocet pills

_____

[1] 35 P.S. § 780-113(a)(30).

*Retired Senior Judge assigned to the Superior Court.

and prior to the meeting, Trooper Adams searched the confidential informant and his vehicle, and provided him with $210.00 in pre-recorded bills. *Id*. The confidential informant then drove to meet with Appellant at a pre-arranged location, while Trooper Adams conducted surveillance nearby. *Id*. Trooper Adams observed Appellant exit his vehicle, enter the passenger side door of the confidential informant's vehicle, and exit a short time thereafter. *Id*. The confidential informant then met with Trooper Adams and provided him with 30 white pills later determined to be Percocet. *Id*.

Appellant was subsequently arrested and charged with delivery of a controlled substance, possession of a controlled substance, and criminal use of a communication facility. On February 26, 2014, Appellant pled guilty to one count of delivery of a controlled substance, and the remaining charges against him were dismissed.

On April 17, 2014, the trial court sentenced Appellant to 2 to 4 years of imprisonment. Appellant filed a timely *pro se* motion for reconsideration of sentence, which the trial court denied on September 2, 2014. On September 24, 2014, Appellant filed a notice of appeal and the trial court directed him to comply with Pa.R.A.P. 1925(b). After being granted two extensions by the trial court, Appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on December 30, 2014. The trial court did not file an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issues for our review:

    I.     Was 18 Pa.C.S.A. § 7508 applied to the case at issue?

    II.     Is 18 Pa.C.S.A § 7508 unconstitutional?

    III.    Was [Appellant] prejudiced by the application of 18 Pa.C.S.A. § 7508 to his case?

    IV.    May [Appellant] now raise the illegality of the sentence?

Appellant's Brief at 4.

Appellant's issues are interrelated. Therefore, we address them together. Appellant argues that his sentence imposed under the mandatory minimum sentencing provisions of 18 Pa.C.S.A. § 7508 was unconstitutional pursuant to **Alleyne v. United States**, 133 S. Ct. 2151, 2153, 186 L. Ed. 2d 314 (2013), which held that any fact increasing the mandatory minimum sentence must be determined by a jury beyond a reasonable doubt. Appellant asserts that at the time of entry of his guilty plea, and at the time of sentencing, the trial court and the Commonwealth made it clear that he was to be sentenced in conformity with the mandatory minimum provisions of 18 Pa.C.S.A. § 7508. Appellant contends that pursuant to **Alleyne**, § 7508 has since been held to be unconstitutional by this Court for impermissibly allowing a trial court to increase the prescribed range of penalties to which a criminal defendant is exposed, under a preponderance of the evidence standard, rather than submitting the question to a jury to determine beyond a reasonable doubt.

In support of his claim that he was illegally sentenced under the mandatory minimum sentencing provisions of § 7508, Appellant directs us to

statements made by his counsel at the sentencing hearing, informing the trial Court that "there is an applicable mandatory minimum sentencing statute which requires in this case that it be two (2) years, that it be at least two (2) years, and the agreement is two (2) years [and] the guidelines [don't] have any real application here because there's a mandatory sentence, and we've agreed to go under the mandatory basically by saying ... the amount of grams was such that it would be a two (2) year ... mandatory." N.T., 4/17/14, at 2. Additionally, Appellant refers to the statement of the trial court at sentencing, when the trial court commented that Appellant's "sentence ... meets the mandatory minimum." *Id*. at 12. *See also* N.T., 2/26/14, at 2, 21, 24. Appellant argues that because the mandatory minimum sentencing provisions of § 7508 have been declared unconstitutional under *Alleyne*, his sentence was illegal and should be vacated. We agree.

18 Pa.C.S.A § 7508 provides, in relevant part, as follows:

**§ 7508. Drug trafficking sentencing and penalties**

**(a) General rule.**—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

...

(2) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance or a mixture containing it is classified in Schedule I or Schedule II under section 4 of that act and is a narcotic drug shall, upon conviction, be sentenced to a mandatory minimum

term of imprisonment and a fine as set forth in this subsection:

(i)      when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; two years in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; ...

**(b) Proof of sentencing.**—Provisions of this section shall not be an element of the crime.  Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing.  The applicability of this section shall be determined at sentencing.  The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

Very recently, the Pennsylvania Supreme Court recently explained *Alleyne's* impact on the imposition of mandatory minimum sentences as follows:  "*Alleyne* ... held that any fact which increases a mandatory minimum sentence is an 'element' of the crime, and not a 'sentencing factor,' and, thus, must be submitted to the jury pursuant to the Sixth Amendment to the United States Constitution."  *Commonwealth v. Hopkins*, slip. op. at 4, 14 (Pa. June 15, 2015).  "As an element of the offense, the factual determination must be specifically alleged in the

- 5 -

charging document, and the defendant has a right to have that fact determined by a jury beyond a reasonable doubt." *Id*.

In *Hopkins*, our Supreme Court, analyzing the constitutionality and severability of 18 Pa.C.S.A § 6317, explained that the unconstitutional provisions of a mandatory minimum sentencing statute that allow facts that increase the mandatory minimum sentence to be decided by a judge under a preponderance of the evidence standard, are not severable because "the unoffending provisions of the statute ... standing alone, are incomplete and incapable of being executed in accordance with legislative intent." *Hopkins* at 19. In addition, the Supreme Court reasoned that it is not the function of the appellate courts to "judicially usurp the legislative function and rewrite" a statute to alter its unconstitutional nature to bring it into conformity with the requirement of *Alleyne*. *Hopkins* at 23. Thus, the offending stattue was deemed unconstitutional in its entirety.

In *Commonwealth v. Fennell*, 105 A.3d 13, 15-16 (Pa. Super. 2014), this Court employed an analysis similar to that of *Hopkins* to explain that, pursuant to *Alleyne*, § 7508 was unconstitutional and unseverable, and that mandatory minimum sentences imposed pursuant to § 7508 were therefore illegal. *See also Commonwealth v. Thompson*, 93 A.3d 478 (Pa. Super. 2014).

Moreover, the Court in *Fennell* concluded that even if the parties stipulated to the drug's weight, the sentence was still illegal because it was

imposed under an unconstitutional statute, and it was not the function of the appellate courts to alter or rewrite the statute to circumvent its unconstitutional provisions by accepting stipulations in an effort to comply with **Alleyne**. **Fennell**, 105 A.3d at 20. Rather, we concluded in **Fennell** that § 7508 was unconstitutional as a whole, and that any mandatory minimum imposed pursuant to the statute was illegal. **Commonwealth v. Mosley**, 2015 PA Super 88 (Apr. 20, 2015), *citing* **Fennell**, **supra**.

Here, the fact that Appellant entered into a negotiated plea, effectively stipulating to possession of two to ten grams of Percocet, does not remedy the unconstitutionality of § 7508 under **Alleyne**, which would require the jury to determine the weight of the drugs beyond a reasonable doubt. To uphold the imposition of a mandatory minimum sentence pursuant to section § 7508 on the basis that Appellant entered a negotiated guilty plea would impermissibly "creat[e] a new procedure in an effort to impose a mandatory minimum sentence, [which] is solely in the province of the legislature." **Fennell**, 105 A.3d at 20. "[W]e will not judicially usurp the legislative function and rewrite [the statute] or create a substantive offense which the General Assembly clearly did not desire. Rather, we leave it to our sister branch for an appropriate statutory response to the United States Supreme Court's decision in **Alleyne**." **Hopkins**, at 23-24.

For the foregoing reasons, we are constrained to vacate Appellant's judgment of sentence and remand for re-sentencing.

Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2015