J-S58015-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CEDRIC LAMONT DANIELS, | |
| Appellant | No. 192 MDA 2016 |

Appeal from the Judgment of Sentence June 17, 2014
in the Court of Common Pleas of Cumberland County
Criminal Division at Nos.: CP-21-CR-0001420-2013
CP-21-CR-0001430-2013

BEFORE:  GANTMAN, P.J., BOWES, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 22, 2016**

Appellant, Cedric Lamont Daniels, appeals from the judgment of sentence imposed June 17, 2014,[1] following a jury conviction of four counts of possession with intent to deliver (PWID) and one count of criminal conspiracy.[2]  He contends that he was sentenced to an unconstitutional mandatory minimum sentence imposed under 18 Pa.C.S.A. § 7508(a)(7). The Commonwealth concedes that this matter should be remanded for resentencing because the sentence imposed was based on a sentencing

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The dockets in this matter reflect that Appellant's sentences were imposed on June 17, 2014.  We have amended the caption accordingly.

[2] **See** 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 903(c), respectively.

guideline form, which was part of the presentence investigation report (PSI), and which reflected an unconstitutional mandatory minimum. We vacate the judgment of sentence and remand for resentencing.

We take the factual and procedural history in this matter from our review of the certified record. On May 14, 2014, a jury convicted Appellant of three counts of PWID and one count of criminal conspiracy to commit PWID at Docket No. 1420-2013, and one count of PWID at Docket No. 1430-2013. The jury also determined that the amount of heroin that Appellant possessed with the intent to deliver was one gram or greater. (**See** N.T. Trial, 5/12/14, at 314, 328-29).

On June 17, 2014, the court conducted a sentencing hearing. At the beginning of the hearing, Appellant's counsel explained that he had an opportunity to review the PSI and found that it was accurate. (**See** N.T. Sentencing, 6/17/14, at 2). The PSI noted that the Commonwealth filed mandatory notices for Counts 1, 2, and 3; and listed the sentencing guidelines for Count 3 as "Mitigated: 36  Standard: 36-36  Aggravated: 36". (PSI, 6/13/14, at unnumbered page 2). Attached to the PSI were guideline sentence forms, which indicated that there was a mandatory minimum sentence of thirty-six months on Count 3.[3] (**See id.** at unnumbered page

_____

[3] At times Count 3 at Docket No. 1420 is listed as Count 1C. (**See**, **e.g.**, PSI, at unnumbered page 11). We have referred to it as Count 3 throughout this memorandum.

11).  Prior to the court imposing sentence, the Commonwealth argued that Appellant "was convicted of being a heroin dealer.  There are mandatories.  And Count 3 at 1420, the standard range is three years."  (N.T. Sentencing, at 3-4).

The court sentenced Appellant, at Docket No. 1420, to a term of not less than twenty-seven months nor more than five years' incarceration, and a fine of $500.00 for Count 1, PWID; not less than twenty months nor more than five years of incarceration for Count 2, PWID, to run concurrent to Count 1; not less than three nor more than six years' incarceration for Count 3, PWID, to run concurrent to Counts 1 and 2; and not less than two nor more than five years' incarceration, and a fine of $500.00 for Count 4, criminal conspiracy.  (**See** N.T. Sentencing, at 4-5).  The trial court sentenced Appellant, at Docket No. 1430, to a sentence of not less than twenty-seven months nor more than five years of incarceration and imposed a $500.00 fine.  (**See id.** at 4).  The sentence at Docket No. 1420 was consecutive to the one imposed at Docket No. 1430.  (**See id.** at 5).  After imposing sentence, the court explained:  "These are the standard range or mandatory minimum sentences in this case."  (**Id.** at 5).

On June 22, 2014, Appellant timely filed a *pro se* notice of appeal, which the court docketed on June 25, 2014, and forwarded to Appellant's

trial counsel.[4]  On November 10, 2015, the court appointed counsel to represent Appellant on his direct appeal, and directed him to file a counseled concise statement of errors complained of on appeal.  **See** Pa.R.A.P. 1925(b).  Appellant filed a timely statement of errors on December 15, 2015.  **See id.**  The court entered its opinion on January 12, 2016.  **See** Pa.R.A.P. 1925(a).

---

[4] Appellant's initial notice of appeal created a procedural quagmire, which a prior panel of this Court summarized as follows:

> [O]n June 20, 2014, the court docketed Appellant's *pro se* PCRA petition.  Although trial counsel had not withdrawn, the court appointed PCRA counsel for Appellant on June 25, 2014—the same day the court docketed Appellant's notice of appeal.  On September 22, 2014, PCRA counsel filed a **Turner**/**Finley** petition to withdraw.  On September 24, 2014, the court issued a Pa.R.Crim.P. 907 notice and also granted PCRA counsel's petition to withdraw.  On October 23, 2014, the PCRA court dismissed Appellant's PCRA petition.  Four days later, the court docketed Appellant's *pro se* response to the Rule 907 notice.  On November 10, 2014, the PCRA court, after reviewing Appellant's response, again dismissed his PCRA petition; the order was also mailed the same day.
>
> That same day, November 10, 2014, Appellant filed a second, *pro se* notice of appeal.  The notice of appeal did not state [whether] Appellant was appealing from the October 23rd or November 10th orders. Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

(**Commonwealth v. Daniels**, 1969 MDA 2014, unpublished memorandum at *2-3 (Pa. Super. filed Aug. 5, 2015) (footnotes omitted)).  Because Appellant's direct appeal was still pending, this Court found that the trial court lacked jurisdiction to act on Appellant's PCRA petition and quashed the appeal.  (**See id.** at *1).

- 4 -

Appellant raises one question on appeal.

(1) Did the [trial] court err in applying the mandatory minimum sentencing statute of 18 Pa.C.S.[A.] § 7508 in violation of **Commonwealth v. Fennell**, 105 A.3d 13 (Pa. Super. 2014)[, *appeal denied*, 121 A.3d 494 (Pa. 2015)]?

(Appellant's Brief, at 3) (unnecessary capitalization omitted).

Appellant claims that the trial court's sentence of not less than three nor more than six years on Count 3 was a mandatory minimum sentence pursuant to section 7508, which this Court concluded was unconstitutional in **Fennell**, **supra**. (**See** Appellant's Brief, at 6-8). The Commonwealth argues that, technically, the court did not sentence Appellant to a mandatory minimum, but alleges that the court erred when it relied on a PSI that contained guidelines based on a mandatory minimum sentence. (**See** Commonwealth's Brief, at 3). The trial court maintains that Appellant was not sentenced to a mandatory minimum sentence, and that the three years imposed on Count 3 was the standard range sentence as indicated in the PSI. (**See** Trial Court Opinion, 1/12/16, at 15) (explaining sentence for Count 3 "was a standard range sentence according to the guidelines filed in the clerk's office, and not a mandatory minimum sentence.") (footnote omitted). Upon review, we are constrained to agree with Appellant that the sentence imposed was an unconstitutional mandatory minimum.

Our standard of review is well-settled.

A challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction. It is also well-established that [i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to

correction. An illegal sentence must be vacated. Issues relating to the legality of a sentence are questions of law[.] . . . Our standard of review over such questions is *de novo* and our scope of review is plenary.

**Fennell**, **supra** at 15 (citations and quotation marks omitted).

Here, Appellant alleges that the court imposed a mandatory minimum sentence pursuant to section 7508, which provides, *inter alia*:

(7) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance or a mixture containing it is heroin shall, upon conviction, be sentenced as set forth in this paragraph:

(i) when the aggregate weight of the compound or mixture containing the heroin involved is at least 1.0 gram but less than 5.0 grams the sentence shall be a mandatory minimum term of two years in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: a mandatory minimum term of three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity[.]

18 Pa.C.S.A. § 7508(a)(7)(i).

In **Fennell**, **supra**, this Court considered whether the appellant's sentence imposed under section 7508(a) was constitutional under **Alleyne v. United States**, 133 S.Ct. 2151 (2013), given that the appellant stipulated to the weight of the drugs for the purpose of the mandatory minimum. **See Fennell**, **supra** at 20. The Court reasoned that any method to impose a mandatory minimum sentence outside the statutory framework was inconsistent with **Alleyne**. **See id.** Therefore, the Court held that the

appellant was entitled to relief because his mandatory minimum sentence imposed under section 7508 was unconstitutional. *See id.*

In *Commonwealth v. Mosley*, 114 A.3d 1072 (Pa. Super. 2015), this Court considered whether the trial court's imposition of a mandatory minimum sentence pursuant to section 7508 was constitutional where, rather than a stipulation to the amount of drugs, the jury, as factfinder, determined the weight of the drugs. *See Mosley*, *supra* at 1090. It concluded that "the trial court performed an impermissible legislative function by creating a new procedure in an effort to impose the mandatory minimum sentence in compliance with *Alleyne*." *Id.* at 1091.

Similarly, in the instant matter, the court created a verdict slip wherein the jury determined that the amount of heroin possessed for Count 3 was greater than one gram. (*See* N.T. Trial, 5/12/14, at 314, 328-29). The Commonwealth gave notice that it was seeking the mandatory minimum for that count. (*See* PSI, at unnumbered page 2). The PSI prepared by the probation office and provided to the trial court included a guideline sentence form that stated that Count 3 had a mandatory minimum sentence of thirty-six months. (*See id.*). The sentencing recommendation for Count 3 included sentencing guidelines which read: "Mitigated: 36  Standard: 36-36  Aggravated: 36[.]" (*Id.*). Thus, it appears that the probation officer considered the thirty-six month mandatory minimum when preparing the guideline amounts for the PSI.

Thereafter, at sentencing, the Commonwealth argued: "There are mandatories. And Count 3 at 1420, the standard range is three years." (N.T. Sentencing, at 3-4). The court then imposed a period of incarceration for Count 3 of "not less than three years or more than six years." (*Id.* at 5). After imposing sentence the court explained: "These are all standard range or mandatory minimum sentences in this case." (*Id.*).

Thus, upon review, we are constrained to conclude that the trial court sentenced Appellant on Count 3 to an unconstitutional three-year mandatory minimum sentence imposed under section 7508. *See Mosley*, *supra* at 1091; *Fennell*, *supra* at 15, 20. Accordingly, we must vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/22/2016