J-S30045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANSFORD L. LEWIS | : | |
| | : | |
| Appellant | : | No. 467 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 19, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0001691-2022

BEFORE:  BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                  **FILED JANUARY 24, 2024**

Ransford L. Lewis ("Lewis") appeals from the judgment of sentence imposed following his conviction for strangulation.[1]  We affirm.

The trial court set forth the factual and procedural history as follows:

> On June 29, 2022, Lewis entered an open plea of guilty to one charge: strangulation.  The remaining charges were *nolle prossed*.  Sentencing was deferred pending a presentence investigation report (hereinafter "PSI") and victim impact statement.  As the factual basis for Lewis's open guilty plea, he admitted that on January 17, 2022 in East Norriton, Montgomery County, he got into a physical and verbal altercation with his fiancé, P.H. . . ., during which he put his hands around her throat and squeezed to the point where P.H. could not breathe and blacked out.
>
> At the guilty plea hearing, Lewis was colloquied on the record.  The sentencing guidelines and the maximum exposure were placed on the record. Lewis testified that he understood the sentencing guidelines and wished to move forward with his guilty plea.  Lewis executed a written guilty plea colloquy, initialed the

---

[1] *See* 18 Pa.C.S.A. § 2718(a)(1).

bottom of each page and signed the last page. The court determined Lewis entered a knowing, intelligent and voluntary plea to the charge of strangulation.

On September 19, 2022, th[e trial] court held a sentencing hearing. The sentencing guidelines were placed on the record. [Lewis] had a prior record score of zero (0) and the crime of strangulation carries an offense gravity score of nine (9), which put the standard range sentence in this case at twelve (12) to twenty-four (24) months[,] plus or minus twelve (12) months. The court sentenced Lewis to a term of imprisonment for not less than two (2) years nor more than eight (8) years in a state correctional institution. . . ..

* * * *

The [trial] court had the benefit of a PSI in this case. The PSI contained information about [Lewis's] background, education, family history[,] and criminal history. . . ..

The court considered the victim impact statement submitted by P.H. . . . as part of the PSI[,] and entered into evidence at the sentencing hearing. The court found the victim impact statement to be credible. P.H. detailed the pattern of abuse she endured at Lewis's hands throughout their relationship. The abuse included physical assaults, threats to kill her and attempts to silence her. The victim shared that her relationship with Lewis was abusive and frightening. The instant event was the culmination of a larger pattern of abuse, which escalated to a strangulation, resulting in P.H. blacking out, losing consciousness and sustaining injuries.

Prior to imposing the sentence, the court considered all of the information presented at the sentencing hearing, including the PSI, the arguments of counsel, the victim impact statement[,] and the restitution request information. The court carefully considered the sentencing guidelines. . . .

* * * *

This sentence was at the upper end of the standard range of the guidelines. The court also sentenced Lewis to pay restitution in the amount of $15,052.20 within eight (8) years. This amount includes unreimbursed medical expenses in the

amount of $14,902.20[,] and $150 for the lamp that Lewis used to strike [P.H.], which ultimately broke.

On September 27, 2022, Lewis filed a timely post[-]sentence motion to reconsider and amend sentence. [He did not assert therein that the trial court abused its discretion or committed an error of law by considering P.H.'s victim impact statement.] While the post[-]sentence motion was pending, Lewis filed a *pro se* correspondence to withdraw his guilty plea, which th[e] court treated as a supplemental post sentence motion to withdraw guilty plea. On January 23, 2023, th[e] court denied Lewis's post[-]sentence motion and his supplemental post[-]sentence motion.

On February 17, 2023, Lewis filed a timely [n]otice of [a]ppeal . . ..

Trial Court Opinion, 3/31/23, at 1-3, 7, (paragraphs re-ordered; footnotes and citations to the record omitted). Both Lewis and the trial court complied with Pa.R.A.P. 1925.

Lewis raises the following issue for our review:

Was the lower court's sentence rendered illegal when it used uncharged conduct that had not been proven beyond a reasonable doubt – namely prior incidents of alleged abuse of the complainant – as a factor in imposing a lengthy state sentence in violation of **Alleyne v. United States**, 570 U.S. 99 (2013)?

Lewis's Brief at 3.

Our standard of review for challenges to the legality of sentencing is as follows: "[I]ssues pertaining to **Alleyne** go directly to the legality of the sentence. *. . .* Issues relating to the legality of a sentence are questions of law. . . . Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Fennell**, 105 A.3d 13, 15 (Pa.

- 3 -

Super. 2014) (internal citations, quotations, and brackets omitted; some ellipses in original).

In his sole appellate issue, Lewis argues the trial court imposed an illegal sentence by considering uncharged conduct at sentencing. This Court has noted that, "[i]n *Alleyne,* the Supreme Court held that facts that increase mandatory minimum sentences must be submitted to the jury and must be found beyond a reasonable doubt." *Fennell*, 105 A.3d at 16; *accord Commonwealth v. Washington*, 142 A.3d 810, 819 (Pa. 2016) (noting that, "per *Alleyne,* it is no longer permissible for state legislatures to direct judges to apply specified minimum sentences based on preponderance-based judicial findings of fact"). Notwithstanding *Alleyne*, "[i]t remains lawful and, indeed, routine for judges to increase sentences, in the ***discretionary sentencing*** regime, based on facts that they find by a preponderance of the evidence." *Washington*, 142 A.3d at 819 (emphasis added). Indeed, this Court has "previously held that, where a trial court imposes sentence in accordance with the guidelines and does not sentence in accordance with a mandatory minimum sentencing scheme, an appellant is not entitled to relief under *Alleyne*." *Commonwealth v. Russell*, 209 A.3d 419, 424 (Pa. Super. 2019).

Lewis argues the trial court "impermissibly based its sentence in part on uncharged conduct th[at] had not been proven beyond a reasonable doubt," namely, the pattern of abuse P.H. asserted he had subjected her to. Lewis's

Brief at 10. He argues that if these abuse allegations contributed to the increase in his sentence, **Alleyne** requires it be submitted to a jury. **See id**. at 13. Lewis maintains that the trial court's acceptance of P.H.'s allegations constituted impermissible judicial fact-finding beyond what he admitted to in his guilty plea. **See id**. at 17-18.

The trial court considered this issue and concluded it merits no relief:

> In this case, the court did not make a factual finding that increased the mandatory minimum sentence in violation of **Alleyne**. Therefore, this case does not implicate the considerations of **Alleyne**. It remains lawful and, indeed, routine for judges to increase sentences, in the discretionary sentencing regime, based on facts that they find by a preponderance of the evidence.

Trial Court Opinion, 3/31/23, at 4.

Following our review, we conclude the trial court did not impose an illegal sentence. It is uncontested that the trial court imposed a standard-range sentence. **See**, **e.g.**, N.T., 9/19/22, at 17-19. Because the trial court did not impose a mandatory minimum sentence, **Alleyne** is inapplicable and, consequently, it does not render Lewis's sentence illegal. **See Washington**, 142 A.3d at 819; **see also Russell**, 209 A.3d at 424.[2] Accordingly, we affirm the judgment of sentence.

_____

[2] We note that Lewis also presents his issue as a challenge to the discretionary aspects of his sentence. **See**, **e.g.**, Lewis's Brief at 10 (setting forth Lewis's Pa.R.A.P. 2119(f) statement of reasons for why this Court should review his challenge to the discretionary aspects of his sentence). However, Lewis's challenge to the discretionary aspects of his sentence is predicated on the trial
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>1/24/2024</u>

_____

court's consideration of an allegedly improper factor, *i.e.*, the contents of P.H.'s victim impact statement in which she stated that Lewis subjected her to a pattern of abuse. **See id**. at 10. Lewis did not preserve this issue in his post-sentence motion; instead he focused on his mitigating information and rehabilitative needs. **See generally** Post-Sentence Motion, 9/27/22. Accordingly, Lewis failed to preserve this challenge to the discretionary aspects of his sentence, and we therefore decline to review it. **See Commonwealth v. Anderson**, 224 A.3d 40, 47–48 (Pa. Super. 2019) (finding waiver of a discretionary aspect of sentencing issue where it was not raised below in a post-sentence motion or at a sentencing hearing); **see also** Commonwealth's Brief at 9 (arguing Lewis has waived his challenge to the discretionary aspects of sentencing by failing to include it in his post-sentence motion).