J-S32003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DARNELL LAMONT KELSO, | |
| Appellant | No. 168 WDA 2014 |

Appeal from the Judgment of Sentence Entered December 17, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003349-2013

BEFORE: SHOGAN, OLSON, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED JUNE 26, 2015**

Appellant, Darnell Lamont Kelso, appeals from the judgment of sentence entered following his convictions of possession of a prohibited firearm, firearms not to be carried without a license, possession of a controlled substance with intent to deliver, and simple possession of a controlled substance. We vacate the judgment of sentence and remand for resentencing.

The trial court summarized the history of this case as follows:

> This matter arises out of [Appellant's] arrest on January 3, 2013 by Pennsylvania State Police after information was received that he was selling drugs from a motel room in Monroeville, Pa. During the investigation regarding the sale of the drugs, it was determined that [Appellant] has several warrants issued for his arrest. [Appellant] was then placed under arrest for the warrants and during the arrest it was discovered that [Appellant] was in possession of a gun and heroin. [Appellant] filed a motion to suppress and a hearing was held on October 29, 2013

at which the Commonwealth presented the testimony of Trooper Jeffrey Brautigam of the Pennsylvania State Police who testified that on January 2, 2013 information was received from a drug user that an individual described as a black male using the street name of "Fresh" was selling heroin from a room in a local motel. (T., p. 3) As a result of the information Trooper Brautigam contacted the hotel manager who provided him with [Appellant's] name as the person renting the room. Trooper Brautigam then performed a record checks concerning [Appellant], including PennDOT and JNET records which included [Appellant's] driver's history, driver's license photo and the FBI criminal history. (T., p. 4) Trooper Brautigam also determined that there were several active warrants issued by various magistrates against [Appellant]. (T., p. 14) Trooper Brautigam then positively identified [Appellant] as the person whose photographs he observed during his records investigation and arrested him based on the outstanding warrants. (T., p.p. 16-17) Trooper Brautigam testified:

> "[Appellant] was detained. I immediately asked [Appellant] if he had any weapons on him. [Appellant] told me that he had a gun stuffed down the front of his pants. So then he was then [sic] quickly escorted over to the room that we had been conducting surveillance, [Appellant] was handcuffed, searched, and he was found to have a loaded .45 caliber pistol stuffed down the front of his pants and about eight bundles of heroin." (T., p. 18)

On cross examination Trooper Brautigam acknowledged that he did not observe [Appellant] involved in any criminal conduct and that the arrest was based solely on the basis of the outstanding warrants. (T., p. 38) [Appellant] argued that Trooper Brautigam did not have the actual warrants in his possession and did not follow the appropriate procedure for executing a warrant and, therefore, any evidence obtained during the arrest should be suppressed. [Appellant's] motion was denied as there is no requirement that the arresting police officer actually have in his possession a warrant that was previously issued[,] nor was he required to present the warrant to the arrestee. *Commonwealth v. Gladfelter*, 324 A.2d 518, 519-[5]20 ([Pa. Super.] 1974). In addition, Trooper Brautigam was not required to follow the procedures set forth in

- 2 -

Pa.R.Crim.P. 431 when it was determined that [Appellant] was in possession of the gun and the heroin.

At trial the Commonwealth incorporated into the record the testimony from the suppression hearing and offered the following stipulated evidence:

"On the date in question, which was January 3, 2013, location the Monroeville Days Inn. I think where we left off in the suppression motion was Trooper Brautigam was putting [Appellant] under arrest for an arrest warrant and found what he suspected to be controlled substances and a firearm in his pants pocket. More specifically Trooper Brautigam approached [Appellant], [Appellant] immediately told Trooper Brautigam [Appellant] had a gun stuffed down his pants, that was the front of his pants. Trooper Brautigam removed the firearm from [Appellant's] pants. The firearm was loaded with one in the chamber with the hammer pulled back ready to be fired. The clip was also fully loaded with bullets that would match the firearm in question.

The firearm was submitted to the state police crime lab, which would be marked for identification purposes as Exhibit 1, in Greensburg and was determined to be operable following lubrication and cleaning of said firearm, would also satisfy the statutory requirements for barrel length, *et cetera*, under the Uniform Firearms Act.

Also found inside [Appellant's] pants pocket was eight bundles of heroin, a small bag of marijuana and $570. The bundles were submitted to the state police crime lab in Greensburg, again be referenced as Commonwealth's Exhibit 2. The lab identified the submission as 71 stamped bags determined to be 1.9 grams of heroin. The $570 was in the following denominations: One one-hundred dollar bill, one fifty-dollar bill, 21 twenty-dollar bills. Two cell phones were recovered from [Appellant], no use — should be noted no use paraphernalia was recovered from [Appellant]. [Appellant] told Trooper Brautigam he was basically

homeless and did not have a permanent address; also indicated unemployed.

[Appellant] did not have a license to carry a firearm on January 3, 2013. That is established in Exhibit 3. [Appellant] was previously convicted of a possession with intent to deliver in federal court in 2008. That is referenced Exhibit 4.

That ends the factual stipulations by the parties. Also one additional thing is that the Commonwealth would provide expert testimony, City of Pittsburgh Narcotic Detective Ed Fallert was consulted about the above mentioned admitted facts; he is willing to give an opinion that the drugs were possessed, namely the 71 stamped bags of heroin were possessed with the intent to deliver them. Thus defense counsel would stipulate that such testimony would be admitted before this court on the facts of this case." (T., pp. 9-11)

After argument and review of all of the evidence, including the testimony from the suppression hearing, [Appellant] was found guilty and sentenced on December 17, 2013.

Trial Court Opinion, 1/20/15, at 2-4.

Prior to trial, the Commonwealth filed a "Notice of Additional Facts Affecting Mandatory Sentencing" indicating that Appellant's charge for possession with intent to deliver was subject to two mandatory minimum sentences.[1] (Docket Entry 8). On December 17, 2013, at the conclusion of trial, the trial court sentenced Appellant in open court to serve two mandatory minimum terms of incarceration for the conviction of possession

_____

[1] The Commonwealth noted that mandatory minimum sentences were applicable under 18 Pa.C.S. § 7508(a)(7) (relating to weight of the heroin) and 42 Pa.C.S. § 9712.1 (relating to drug offenses committed with firearms).

with intent to deliver. Specifically, the court sentenced Appellant to a mandatory minimum term of incarceration of three to six years, and a concurrent mandatory minimum term of incarceration of five to ten years, ostensibly both for the conviction of possession with intent to deliver.[2] In addition, the trial court sentenced Appellant to serve a consecutive term of probation of five years.[3] This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

I. DID THE LOWER COURT ERR IN APPLYING THE MANDATORY MINIMUM FIVE-YEAR SENTENCE FOR DRUG OFFENSES COMMITTED WITH FIREARMS PURSUANT TO 42 Pa.C.S. § 9712.1 INSOFAR AS THE SENTENCING STATUTE IS VIOLATIVE OF THE SIXTH AMENDMENT AND ARTICLE 1 §§ 6 AND 9 BECAUSE IT AUTHORIZES THE IMPOSITION OF A MANDATORY MINIMUM SENTENCE UPON A FINDING, BY A PREPONDERANCE OF THE EVIDENCE BY THE SENTENCING JUDGE AT SENTENCING, THAT [APPELLANT] POSSESSED A FIREARM DURING THE COMMISSION OF A VIOLATION OF SECTION 13(A)(30) OF THE CONTROLLED SUBSTANCE, DRUG, DEVICE AND COSMETIC ACT?

---

[2] In his written opinion, the trial judge observed that there was a clerical error in the sentencing order, which indicated that the five to ten year mandatory minimum sentence was imposed on the conviction of possession of a prohibited firearm. Trial Court Opinion, 1/20/15, at 6-8. However, the trial court clarified that the mandatory five to ten year term of incarceration was actually imposed on the conviction of possession with intent to deliver. *Id*.

[3] We note that, at the time of sentencing, the trial court was not specific as to which conviction the term of probation was to be applied. However, the sentencing order reflects that the probationary sentence was for Appellant's conviction of firearms not to be carried without a license.

Appellant's Brief at 5.

Appellant argues that the trial court imposed an illegal mandatory minimum sentence for his conviction of possession with intent to deliver, specifically for drug offenses committed with firearms. In support of his argument that his mandatory minimum sentence is illegal, Appellant cites the United State Supreme Court's decision in **Alleyne v. United States**, \_\_\_ U.S. \_\_\_, 133 S.Ct. 2151 (2013), as well as this Court's recent decisions in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) (declaring 42 Pa.C.S. § 9712.1 unconstitutional, as that statute permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was in close proximity to the drugs), **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) (declaring mandatory minimum sentences set forth in 42 Pa.C.S. §§ 9712 and 9713 were unconstitutional), **Commonwealth v. Cardwell**, 105 A.3d 748 (Pa. Super. 2014) (holding trial court erred by imposing mandatory minimum sentence under Section 7508, even where parties stipulated to weight of drugs; applying **Newman** and its progeny, and concluding that Section 7508(b) is not severable from remainder of statute; and remanding for resentencing without imposition of mandatory minimum sentence), and **Commonwealth v. Bizzel**, 107 A.3d 102 (Pa.

Super. 2014) (vacating mandatory minimum sentence imposed pursuant to 18 Pa.C.S. § 6317(b) following non-jury trial as a violation of *Alleyne*).

The trial court has agreed with Appellant and stated the following:

Consequently, while the evidence was sufficient to support [Appellant's] convictions and despite the fact that [Appellant] stipulated to the facts that supported the imposition of mandatory minimum sentences, the statutes on which the sentences were based are unconstitutional and resentencing will be required.

Trial Court Opinion, 1/20/15, at 10.

Likewise, the Commonwealth has conceded that, pursuant to the current case law, it is constrained to agree that Appellant must be resentenced in this matter.[4] Commonwealth's Brief at 11. Accordingly, we vacate the judgment of sentence and remand for resentencing.

_____

[4] We observe that the Commonwealth has included in its appellate brief a section with the following heading:

II. *COMMONWEALTH V. NEWMAN* AND ITS PROGENY WERE WRONGLY DECIDED.

Commonwealth's Brief at 12. The Commonwealth begins its discussion in this section by stating that "[w]hile your Honorable Court is bound by the decision of the court *en banc* in *Newman*, *supra*, and by its progeny, the Commonwealth submits that these decisions are erroneous and should be reversed by our Supreme Court." *Id*.

Indeed, we must follow the decisional law established by our own Court. *Commonwealth v. Santiago*, 980 A.2d 659, 666 n.6 (Pa. Super. 2009). Furthermore, we note that recently in *Commonwealth v. Hopkins*, 98 MAP 2013, ____ A.3d ____ (Pa. filed June 15, 2015), our Supreme Court, in a direct appeal filed by the Commonwealth from an order of the Court of Common Pleas, relied upon *Alleyne* and struck down as unconstitutional the

*(Footnote Continued Next Page)*

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/2015

---

*(Footnote Continued)*

mandatory minimum sentencing scheme regarding drug-free school zones set forth in 18 Pa.C.S. § 6317. In pertinent part, the Court in **Hopkins** refused to sever the violative provisions from the statute, which was the same determination reached by this Court in **Newman**.