J-S40034-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JUAN CARIDAD ARGUDIN, :
:
Appellant : No. 84 WDA 2015

Appeal from the PCRA Order Entered December 11, 2014,
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-CR-0003414-2013

BEFORE: FORD ELLIOTT, P.J.E., DONOHUE and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED JULY 16, 2015**

Juan Caridad Argudin (Appellant) appeals from an order which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We reverse the order, vacate Appellant's judgment of sentence, and remand for resentencing.

The background underlying this matter can be summarized as follows. Appellant entered an open guilty plea to one count of delivering 3.5 grams of cocaine, in violation of 35 P.S. § 780-113(a)(30). On July 2, 2014, the trial court sentenced Appellant to 3 to 6 years of incarceration pursuant to the mandatory minimum sentencing provision found at 18 Pa.C.S. § 7508(a)(3)(i). Appellant did not pursue a direct appeal.

On September 18, 2014, Appellant, *pro se*, timely filed his PCRA petition. The PCRA court appointed counsel to represent Appellant. Counsel

*Retired Senior Judge assigned to the Superior Court.

later filed an amended PCRA petition wherein counsel contended that Appellant's mandatory minimum sentence is illegal under **Alleyne v. United State**, 133 S.Ct. 2151 (2013).

On November 19, 2014, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 that it intended to dismiss the petition without holding an evidentiary hearing. The court then denied the petition on December 11, 2014. Appellant timely filed a notice of appeal.

In his brief to this Court, Appellant asks us to consider one question, namely, "[Whether] the [PCRA] court erred in failing to find that the mandatory minimum sentence in the instant case constituted an illegal sentence under **Alleyne**?" Appellant's Brief at unnumbered page 4 (unnecessary capitalization omitted).

On appeal, Appellant renews his argument that his sentence is illegal pursuant to **Alleyne**. The Commonwealth agrees with Appellant and asks this Court to remand the matter for resentencing.

**Alleyne** was the law when Appellant was sentenced.[1] We have held that **Alleyne** renders 18 Pa.C.S. § 7508 facially unconstitutional. **Commonwealth v. Fennell**, 105 A.3d 13 (Pa. Super. 2014). Accordingly, Appellant's sentence is illegal. For these reasons, we reverse the PCRA

---

[1] Because **Alleyne** was the law when Appellant was sentenced, we need not engage in any analysis regarding whether **Alleyne** applies retroactively to Appellant's sentence.

court's order, vacate Appellant's judgment of sentence, and remand the case for resentencing without the application of the mandatory minimum.

Order reversed. Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 7/16/2015