J. S42038/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
         :          PENNSYLVANIA
         Appellee    :
         :
         v.    :
         :
ANGEL ORTIZ,    :
         :
         Appellant    :    No. 2153 EDA 2014

Appeal from the Judgment of Sentence July 22, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0009498-2012

BEFORE: SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED AUGUST 21, 2015**

Appellant, Angel Ortiz, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following his jury convictions of possession of a controlled substance ("simple possession") and possession with intent to deliver a controlled substance[1] ("PWID"). He presents one claim for our review: that his mandatory minimum sentence under 18 Pa.C.S. § 7508(a)(3)(i) is illegal under ***Alleyne v. U.S.***, 133 S. Ct. 2151 (2013). We agree. We thus affirm his convictions but vacate the judgment of sentence and remand for resentencing.

The instant charges arise from undercover surveillance of Appellant

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16), (30).

selling heroin and cocaine. Prior to trial, on October 22, 2013, Appellant filed a pre-trial motion to bar the mandatory minimum sentence provisions of 42 Pa.C.S. § 7508, pertaining to the weight of drugs involved in a drug crime. The court held a hearing on November 4, 2013,[2] and denied Appellant's motion.

On March 17, 2014, a jury found Appellant guilty of simple possession and PWID. It also specifically found he had possessed at least two grams of cocaine with the intent to deliver. N.T. Trial Vol. 3, 3/17/14, at 108.

The court conducted sentencing on July 22, 2014. The Commonwealth averred a mandatory three-to-six year sentence applied to the PWID count, and noted this mandatory term was above the aggravated range. *See* N.T. Sentencing, 7/22/14, at 6. The court applied the mandatory sentence and sentenced Appellant to three to six years' imprisonment, to be followed by two years' probation.[3] *Id.* at 26. Appellant did not file a post-sentence motion, but took this timely appeal.[4]

---

[2] At the hearing, Appellant also sought the suppression of evidence, arguing the police officers lacked reasonable suspicion to stop him and probable cause to arrest him. N.T. Pretrial Motions, 11/4/13, at 3. The court denied suppression. *Id.* at 31.

[3] The court imposed no further penalty on the simple possession count.

[4] The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant received two extensions of time to file the statement, resulting in a final deadline of December 5, 2014. The trial court aptly noted the statement filed on December 12th was untimely. Trial Ct. Op., 12/23/14, at 2 & n.2. Nevertheless, we agree with the court

As stated above, Appellant presents one claim: that the mandatory sentence provision at 18 Pa.C.S. § 7508(a)(3)(i) is unconstitutional under **Alleyne**. Appellant argues, in pertinent part, that the unconstitutional subsections of Section 7508 are not severable from the statute, and that this Court has found other subparts of Section 7508 unconstitutional under **Alleyne**. Appellant's Brief at 15 (citing **Commonwealth v. Cardwell**, 105 A.3d 748 (Pa. Super. 2014), *alloc. filed*, 627 EAL 2014 (Pa. Dec. 19, 2014); **Commonwealth v. Fennell**, 105 A.3d 13 (Pa. Super. 2014), *alloc. filed*, 613 EAL 2014 (Pa. Dec. 18, 2014); **Commonwealth v. Thompson**, 93 A.3d 478 (Pa. Super. 2014)). Appellant further contends this Court has "explicitly ruled against the special interrogatory [sic] employed in this case." Appellant's Brief at 16 (citing **Valentine**, 101 A.3d 801).

In its opinion, the trial court stated that in **Cardwell** and **Fennell**,

> the Superior Court held that the imposition of the three-year mandatory minimum sentences for PWID pursuant to 18 Pa.C.S.A. § 7508 were illegal, even where the defendant stipulated to the drug weight for the purposes of trial, because neither § 7508, nor any other statute, set forth any authority for the jury to determine beyond a reasonable doubt the factual predicates necessitating the mandatory minimum set forth in the sentencing statute.

Trial Ct. Op. at 9. The court thus suggests the sentence should be vacated and this case remanded for resentencing.

---

that the instant claim of an illegal sentence is not waivable. **See Commonwealth v. Valentine**, 101 A.3d 801, 809 (Pa. Super. 2014), *alloc. filed*, 800 MAL 2014 (Pa. Nov. 3, 2014); Trial Ct. Op. at 2 n.2.

The Commonwealth avers "the imposition of a mandatory minimum sentence did not violate **Alleyne**,"[5] but concedes "[t]his Court has specifically ruled that the statute[ ] invoked here was unconstitutional." Commonwealth's Brief at 8. We agree with the trial court and both parties and find relief is due.

Preliminarily, we note that Subsection 7508(a)(3)(i) sets forth, in pertinent part, a mandatory minimum sentence of three years' imprisonment when a person has been "convicted of another drug trafficking offense" and is presently convicted of possessing with intent to deliver two to ten grams of cocaine. 18 Pa.C.S. § 7508(a)(3)(i).

In **Fennell**, this Court stated:

> [I]ssues pertaining to **Alleyne** go directly to the legality of the sentence. . . . It is . . . well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." . . . "Issues relating to the legality of a sentence are questions of law[.] . . . Our standard of review over such questions is *de novo* and our scope of review is plenary."

**Fennell**, 105 A.3d at 15 (citations omitted). "In **Alleyne**, the Supreme Court held that 'facts that increase mandatory minimum sentences must be submitted to the jury' and must be found beyond a reasonable doubt." **Id.** at 16 (citations omitted).

---

[5] In support of this position, the Commonwealth asserts "the facts triggering the mandatory minimum—that [Appellant] possessed with intent to deliver at least two grams of crack cocaine—[were] specifically submitted to the jury." Commonwealth's Brief at 8.

At trial in **Fennell**, the defendant "stipulated to laboratory reports that, at a minimum, suggest that the total weight of the heroin [involved] was 2.035 grams." **Id.** at 20. The trial court found the defendant guilty of PWID and imposed a "mandatory minimum sentence on the basis of the weight of the heroin, pursuant to 18 Pa.C.S.A. § 7508(a)(7)(i)." **Id.** at 15. On appeal, this Court first noted, "This Court has recently noted that Section 7508(a)(2)(ii) cannot be constitutionally applied in light of **Alleyne**, resulting in an illegal sentence." **Id.** at 17 (citing **Thompson**, 93 A.3d at 493). The Court then agreed with the defendant's contention that "Section 7508 is **facially** unconstitutional in its entirety and its subsections cannot be severed from one another." **Fennell**, 105 A.3d at 17, 20. The Court further noted that in **Valentine**, this "Court held that the trial court was not permitted to allow the jury to resolve the mandatory minimum questions absent legislative action in accordance with **Newman**." **Id.** at 19 (citing **Valentine**, 101 A.3d at 811; **Commonwealth v. Newman**, 99 A.3d 86, 101 (Pa. Super. 2013) (*en banc*) (holding subsections of 42 Pa.C.S. § 9712.1 were not severable and thus entire statute was unconstitutional)).

In light of **Fennell**, we agree with the trial court that Appellant's sentence under 18 Pa.C.S. § 7508(a)(3)(i) is illegal. Accordingly, we affirm the convictions, but vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing.

J. S42038/15

Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015