J-S65020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ARNOLD MILLER, | |
| Appellant | No. 2872 EDA 2014 |

Appeal from the Judgment of Sentence March 28, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002024-2012

BEFORE:  BENDER, P.J.E., SHOGAN, and JENKINS, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED NOVEMBER 06, 2015**

Appellant, Arnold Miller, appeals from the judgment of sentence entered following his convictions of possession of a controlled substance with intent to deliver ("PWID") and simple possession of a controlled substance. We vacate the judgment of sentence and remand for resentencing.

The trial court set forth the underlying facts of this case as follows:

On August 3, 2011, at about 4:45 p.m., Philadelphia Police Officer Matthew Beattie went to 1220 West Lindley Avenue, the site of a large apartment building, to investigate an anonymous report that a tall black male was selling drugs out of Apartment 601.  (N.T. 2/28/14, 12, 13).  Upon arrival, Officer Beattie provided a confidential informant (hereinafter "[the] CI") $20.00 in pre-recorded "buy" money and then accompanied the CI to the sixth floor of the building.  The officer observed the CI approach Apartment 601, where he engaged Appellant, who was standing in the doorway of the apartment, in conversation.  (Id. at 13, 16).

After a brief conversation, both Appellant and the CI entered the apartment. (Id. at 14). The CI soon exited the apartment and returned to Officer Beattie at which time he gave the officer two clear plastic vials with orange tops containing a white chunky substance that testing revealed to be crack cocaine. (Id. at 14, 39). Officer Beattie returned to police headquarters and prepared a search and seizure warrant for the apartment. (Id.).

Once the warrant was approved, Officer Beattie returned to the apartment building on August 4, 2011, with other officers, including an Officer Hawkins, to execute the warrant. (Id. at 17). Before executing the search and seizure warrant, Officer Hawkins, using pre–recorded "buy" money, made a purchase of crack cocaine from Appellant, who after engaging the officer in a brief conversation in the doorway of the apartment, ushered the officer into the apartment where Officer Hawkins purchased five purple Ziploc packets of crack cocaine. (Id. at 17, 18, 39). When Officer Hawkins returned with the narcotics, Officer Beattie and a back-up team executed the warrant. (Id. at 18).

Once inside the apartment, police placed Appellant under arrest. (Id. at 19). A search incident to arrest of Appellant yielded $106.00 in U.S. currency plus the two $20.00 bills in pre-recorded "buy" money given to Officer Hawkins. (Id. at 19).

The search of the apartment resulted in the seizure of a clear plastic bag filled with eighty-six clear [vials] containing crack cocaine that were the same shape, size, and color of the packets the CI turned over to the officer the previous day, eleven red Ziploc packets containing marijuana, a clear plastic bag containing twelve purple-tinted Ziploc packets that were the same shape, size, and color as the ones Officer Hawkins had purchased that contained crack cocaine, and a clear plastic bag that contained twelve clear vials with a gold top[].[1] (Id. at 19-20, 39). Police also recovered two hand guns from the kitchen, one of which was loaded. (Id. at 20-21). All of these items were placed on property receipts.

[1] In total, there was in excess of two grams of crack cocaine. (N.T. 2/28/14, 39; 3/28/14, 5).

Trial Court Opinion, 4/15/15, at 2-3 (footnote omitted).

On February 10, 2014, following a nonjury trial, Appellant was convicted of the crimes stated above. On March 28, 2014, the trial court sentenced Appellant to a mandatory term of incarceration of three to ten years for the conviction of PWID. Appellant filed a timely post-sentence motion, which was denied by operation of law on September 11, 2014. This timely direct appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

IS THE MANDATORY SENTENCE OF THREE TO TEN YEARS IMPOSED ON APPELLANT ILLEGAL BECAUSE THE STATUTORY PROVISION UNDER WHICH APPELLANT WAS SENTENCED IS UNCONSTITUTIONAL PURSUANT TO ALLEYNE V. UNITED STATES[, 133 S.Ct. 2151 (2013)] AND NUMEROUS PENNSYLVANIA SUPERIOR COURT DECISIONS?

Appellant's Brief at 2.

Appellant argues that the trial court imposed an illegal mandatory minimum sentence for his conviction of PWID, which was based upon the weight of the drugs in question. In support of his argument that his mandatory minimum sentence is illegal, Appellant cites this Court's recent decision in *Commonwealth v. Vargas*, 108 A.3d 858 (Pa. Super. 2014) (*en banc*), *appeal denied*, ___ A.3d ___ (Pa. filed July 27, 2015), which held that under the United States Supreme Court's decision in *Alleyne*, as well as this Court's decisions in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) and *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014), 18 Pa.C.S. § 7508 is unconstitutional.

- 3 -

Although Appellant did not contest the imposition of the mandatory minimum sentence under **Alleyne** at the time of sentencing or in his post-sentence motion, "a challenge to a sentence premised upon **Alleyne** … implicates the legality of the sentence and cannot be waived on appeal." **Newman**, 99 A.3d at 90.  Moreover, this Court may address the legality of a sentence *sua sponte*.  **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*), *appeal denied*, 95 A.3d 277 (Pa. 2014).

This Court has held that 18 Pa.C.S. § 7508 is invalid pursuant to **Alleyne**.  **See Commonwealth v. Fennell**, 105 A.3d 13, 20 (Pa. Super. 2014) (holding that, notwithstanding the fact triggering imposition of mandatory sentence under 18 Pa.C.S. § 7508 was stipulated to at trial, the statute was unconstitutional).  As Appellant observes, an *en banc* panel of this Court has stated that "a mandatory minimum sentence imposed under this statute is illegal." **Vargas**, 108 A.3d at 876 (citing **Fennell**).  **See also Commonwealth v. Cardwell**, 105 A.3d 748 (Pa. Super. 2014) (holding trial court erred by imposing mandatory minimum sentence under Section 7508, even where parties stipulated to weight of drugs; applying **Newman** and its progeny, and concluding that Section 7508(b) is not severable from remainder of statute; and remanding for resentencing without imposition of

mandatory minimum sentence).[1]  Accordingly, because 18 Pa.C.S. § 7508 is unconstitutional, we vacate the judgment of sentence and remand for resentencing.

Judgment of sentence vacated.  Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/2015

_____

[1] The trial court has agreed with Appellant that, pursuant to current case law, the mandatory minimum sentence invoked here by application of 18 Pa.C.S. § 7508 is illegal, the sentence should be vacated, and the case remanded for resentencing.  Trial Court Opinion, 4/15/15, at 4-5.  We further observe that the Commonwealth has recognized that case law authored by this Court is controlling until the Supreme Court rules otherwise, but has reserved its right to seek further review. Commonwealth's Brief at 11, 15.  Indeed, we must follow the decisional law established by our own Court.  **Commonwealth v. Santiago**, 980 A.2d 659, 666 n.6 (Pa. Super. 2009).

Furthermore, we note that recently in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), our Supreme Court, in a direct appeal filed by the Commonwealth from an order of the Court of Common Pleas, relied upon **Alleyne** and struck down as unconstitutional the mandatory minimum sentencing scheme regarding drug-free school zones set forth in 18 Pa.C.S. § 6317.  In pertinent part, the Court in **Hopkins** refused to sever the violative provisions from the statute, which was the same determination reached by this Court in **Newman**.