J-S68043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CARLOS RIVERA | |
| Appellant | No. 215 EDA 2015 |

Appeal from the Judgment of Sentence May 23, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003082-2010

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                **FILED DECEMBER 01, 2015**

Appellant, Carlos Rivera, appeals from the May 23, 2012 judgment of sentence of three to six years' incarceration, followed by three years of probation, imposed after the trial court found Appellant guilty of possession with intent to deliver (PWID) and possession of a controlled substance.[1] After careful review, we affirm Appellant's convictions but vacate the judgment of sentence and remand for resentencing.

The trial court, sitting as the fact-finder, recited the evidence presented at trial as follows.

> On February 19, 2010 at approximately 2:20 p.m., Philadelphia Police Officer Piotr Planita, along

---

[1] 35 P.S. § 780-113(a)(30) and (16), respectively.

with Officer Snyder, set up a surveillance narcotic investigation using a confidential informant on the 2800 block of Hope Street. This investigation was in connection with two active search warrants for 2802 Hope St. and 2815 Hope St. The confidential informant was given prerecorded buy money and told to go to 2802 Hope St. to buy cocaine. Officer Planita then set up his surveillance on the 2700 block of Hope St. to observe the confidential informant.

The confidential informant approached [Appellant] and another male outside of 2802 Hope St. and engaged both in a brief discussion. Officer Planita observed a quick hand to hand interaction between the confidential informant and [Appellant]. [Appellant] then crossed the street to a vacant lot at approximately 2811 Hope St., where a pickup truck was parked. [Appellant] bent down next to the passenger side of the pickup truck, where Officer Planita briefly lost sight of him. [Appellant] was then observed returning across the street to the confidential informant and again engaged in a brief hand to hand interaction. The confidential informant then returned to the officers and turned over four green tinted Ziploc bags containing cocaine.

Officers in the area then executed a search warrant on 2802 Hope St. [Appellant] fled into the open doorway of 2802 Hope St. and closed the door behind him. He was apprehended on the roof of 2806 Hope St. A search incident to arrest was performed which was negative for both the buy money and narcotics. Officer Planita then went to the pickup truck that [Appellant] was seen going to earlier. From the ground near the passenger side he recovered a total of 140 packets containing cocaine, which were identical to the ones recovered from the confidential informant. Additionally, there were 140 blue Ziploc packets which contained heroin.

Trial Court Opinion, 5/6/15, at 2-3 (citations to notes of testimony omitted).

Appellant was subsequently charged with PWID and possession of a controlled substance. A waiver trial commenced on March 27, 2012, after which the trial court rendered its guilty verdicts. The trial court deferred sentencing for the preparation of a presentence investigation report. On May 23, 2012, the trial court sentenced Appellant to three to six years of incarceration, followed by three years of probation. Relevant to this appeal, Appellant received a three-year mandatory minimum sentence on the basis of the weight of the cocaine, pursuant to 18 Pa.C.S.A. § 7508(a)(3)(i). Appellant did not file a direct appeal. On July 30, 2012, Appellant filed a *pro se* petition for post-conviction relief (PCRA). Appellant obtained counsel, who filed an amended PCRA petition on January 31, 2014. The Commonwealth filed a response on December 24, 2014, and on January 12, 2015, the trial court reinstated Appellant's appeal rights *nunc pro tunc*. Appellant then filed this timely appeal.[2]

On appeal, Appellant presents the following two issues for our review.

1. Is Appellant's PWID conviction against the sufficiency of the evidence because there was no admissible evidence that Appellant possessed or sold narcotics?

2. Is Appellant's mandatory sentence unconstitutional and should the matter be remanded for resentencing?

_____

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant's Brief at 4.

In his first issue, Appellant challenges the sufficiency of the evidence and contends that "there was no admissible evidence that Appellant possessed or sold narcotics." Appellant's Brief at 7.

It is well-settled that "[i]n reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the [fact-finder's] verdict beyond a reasonable doubt." *Commonwealth v. Patterson*, 91 A.3d 55, 66 (Pa. 2014) (citation omitted), *cert. denied*, *Patterson v. Pennsylvania*, 135 S. Ct. 1400 (2015). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." *Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, 95 A.3d 277 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" *Id.* (internal quotation marks and citation omitted). "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence." *Id.* (citation omitted). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth*

*v. Diamond*, 83 A.3d 119, 126 (Pa. 2013) (citation omitted), *cert. denied,*
*Diamond v. Pennsylvania*, 135 S. Ct. 145 (2014).

"When reviewing a challenge to the sufficiency of the evidence with regards to a PWID conviction, we are mindful that '[t]he Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance. It is well settled that all the facts and circumstances surrounding possession are relevant in making a determination of whether contraband was possessed with intent to deliver.'" *Commonwealth v. Lee*, 956 A.2d 1024, 1028 (Pa. Super. 2008), *citing* *Commonwealth v. Brown*, 904 A.2d 925, 931–932 (Pa. Super. 2006), *appeal denied,* 919 A.2d 954 (2007).

Here, Appellant specifically avers that "there is … only speculative evidence tying Appellant to the drugs that were recovered from under snow near the pickup truck. Appellant had allegedly already completed the alleged transaction when [A]ppellant allegedly went near the pickup truck. There were several other males in the vicinity that police believed were involved in narcotics sales. There is, thus, only speculative evidence to tie Appellant to the bulk narcotics covered by snow near the pickup truck." Appellant's Brief at 10.

Upon review of the record, particularly the notes of testimony from Appellant's waiver trial, we conclude that Appellant's sufficiency argument would require us to substitute our judgment for that of the trial court in this case. The law is clear that we "may not substitute [our] judgment for that

of the factfinder; if the record contains support for the convictions, they may not be disturbed." ***Commonwealth v. Scott***, 967 A.2d 995, 998 (Pa. Super. 2009) (citations omitted).

Instantly, the trial court considered the facts presented at trial and concluded that Appellant possessed the cocaine with the intent to deliver. The trial court reasoned as follows.

> The [trial c]ourt made credibility findings based on the totality of evidence presented at trial. The [trial c]ourt found the testimony of Officer Planita and Officer Hardy credible, [and] thus sustained any credibility challenges from the Defense. Additionally, the testimony of [Appellant] as to his whereabouts on that date was found to be incredible.
>
> As such, [the trial court adopts the] facts presented by the Commonwealth. Officer Planita witnessed a hand to hand interaction between the confidential informant and [Appellant], saw [Appellant] go to the pickup truck, bend down and then return to the confidential informant and again have a hand to hand interaction. The items recovered from the confidential informant matched those that were recovered from the location where [Appellant] was seen bending down.

Trial Court Opinion, 5/6/15, at 3-4.

After careful consideration, we discern no abuse of discretion by the trial court. Viewing the evidence of record, together with all reasonable inferences in a light most favorable to the Commonwealth, we conclude that the evidence was sufficient to sustain the trial court's determination that Appellant was guilty of PWID.

- 6 -

In his next issue, Appellant argues that his mandatory minimum sentence of three to six years' incarceration "has been rendered illegal by the United States Supreme Court case of **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)." Appellant's Brief at 10. Appellant further asserts that "[t]his issue is not waived because it attacks the legality of Appellant's sentence and is never waived and this Court has, in any case, been vacat[ing] such sentences *sua sponte*." **Id**. Appellant is correct. Consonant with our decisions in **Commonwealth v. Cardwell**, 105 A.3d 748 (Pa. Super. 2014), and **Commonwealth v. Fennell**, 105 A.3d 13 (Pa. Super. 2014), in which we discussed **Alleyne** and held unconstitutional the drug trafficking sentencing and penalties of 18 Pa.C.S.A. § 7508, we agree.

Here, at sentencing, the Commonwealth explained that "the cocaine recovered … in this case weighed 9.578 grams." N.T., 5/23/12, at 3. The Commonwealth stated as follows.

> And Your Honor, in accordance with the mandatory minimum, [Appellant] was convicted according to Title 18 PACS Section 7508 … specifically, cocaine between two grams but less than 10 grams, calls for a mandatory minimum of three years when an individual is convicted of a second PWID.

**Id**. at 3-4.

Appellant's counsel responded in turn.

> The three to six mando [sic] I would accept that. Three to six plus three, I have no problem with. It's the mandatory minimum.

*Id*. at 7.

Based on the foregoing, we reiterate our prior holdings in which we detailed that where no statutory authorization exists for a particular sentence, that sentence is illegal, subject to correction, and must be vacated. ***See Cardwell, supra; Fennell, supra***.

In sum, we affirm Appellant's convictions, vacate the May 23, 2012 judgment of sentence, and remand this case to the trial court for resentencing without application of the mandatory minimum provisions.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2015