J-S11022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HERACLIO BERNAL CRUZ | |
| Appellant | No. 1807 EDA 2015 |

Appeal from the Judgment of Sentence May 14, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002602-2012

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 29, 2016**

Heraclio Bernal Cruz appeals, *nunc pro tunc*, from the judgment of sentence imposed on May 14, 2014, in the Court of Common Pleas of Chester County, following his open guilty plea to 37 counts of possession of a controlled substance (cocaine) with intent to deliver (PWID) and one count of corrupt organizations.[1]  Heraclio was subject to multiple mandatory minimum sentences pursuant to 18 Pa.C.S. § 7508(a)(3)(i)-(iii).  In this timely appeal, Heraclio argues, and both the Commonwealth and trial court agree, that pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013), his sentence is unconstitutional.  Accordingly, Heraclio requests his sentence be vacated and the matter remanded for resentencing.  After a thorough

_____

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 911, respectively.

review of the submissions by the parties, relevant law, and the certified record, we agree, and therefore vacate the judgment of sentence and remand for a new sentencing hearing and imposition of a new sentence.

After pleading guilty to 37 counts of PWID, Cruz received an aggregate sentence of 23-50 years' incarceration. This sentence was based upon the imposition of consecutive terms of at least five mandatory minimum sentences pursuant to the dictates of 18 Pa.C.S. § 7508(a)(3). This section includes mandatory minimum sentencing provisions based upon both the weight of the contraband possessed as well as recidivist status of the defendant. The recidivist portions of the statute are specifically dependent on the weight of the drugs possessed.[2]

---

[2] In relevant part, 18 Pa.C.S. § 7508 states:

> (3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:
>
> > (i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams

*(Footnote Continued Next Page)*

and less than ten grams; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity;

(ii) when the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams; three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: five years in prison and $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; and

(iii) when the aggregate weight of the compound or mixture of the substance involved is at least 100 grams; four years in prison and a fine of $25,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: seven years in prison and $50,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.

18 Pa.C.S. § 7508(a)(3)(i)-(iii).

In **Alleyne v. United States**, **supra**, the United States Supreme Court held that any fact that increases the penalty for a crime is an element that must be submitted to a jury and found beyond a reasonable doubt. In light of **Alleyne**, our courts have determined that the mandatory sentencing scheme at issue herein is unconstitutional. **See Commonwealth v. Cardwell**, 105 A.3d 748 (Pa. Super. 2014).[3] Additionally, **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) determined that **Alleyne** applied to any criminal case still pending on direct appeal.

Therefore, as recognized by both the trial court and the Commonwealth, Cruz's sentence is unconstitutional and must be vacated. Accordingly, this matter must be remanded for a new sentencing hearing and imposition of a new sentence.

Judgment of sentence vacated. This matter is remanded for a new sentencing hearing and imposition of new sentence to be held within 45 days of receipt of this decision. Jurisdiction relinquished.

---

[3] **Cardwell** cites both **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) and **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) regarding the non-severability of the offending portions of 18 Pa.C.S. § 7508.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/29/2016