J. S44008/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                                :          PENNSYLVANIA
                 v.            :
                                :
LUIS ANTONIO RODRIGUEZ-CRUZ,  :        No. 3845 EDA 2015
                                :
          Appellant     :

Appeal from the PCRA Order, December 3, 2015,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0004792-2011

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND MUSMANNO, JJ.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:  **FILED SEPTEMBER 12, 2016**

Luis Antonio Rodriguez-Cruz appeals, ***pro se***, from the order of December 3, 2015, dismissing his second PCRA[1] petition as untimely.  We affirm.

On December 5, 2012, appellant entered a negotiated guilty plea to two counts of possession with intent to deliver ("PWID"), one count of criminal conspiracy to commit PWID, and five counts of criminal solicitation to commit PWID.[2]  The trial court imposed the agreed-upon sentence of 15 to 30 years' imprisonment.  On September 25, 2013, appellant filed a motion for modification of sentence ***nunc pro tunc***, which was denied on

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] 35 Pa.C.S.A. § 780-113(A)(30), 18 Pa.C.S.A. § 903, and 18 Pa.C.S.A. § 902(a), respectively.

January 7, 2014. Appellant filed an untimely appeal from the January 7, 2014 order on April 10, 2014, which was quashed.

On June 20, 2014, appellant filed a PCRA petition and counsel was appointed; however, that petition was subsequently withdrawn on May 13, 2015. On August 10, 2015, appellant filed the instant petition, his second, which was dismissed as untimely on December 3, 2015. This timely appeal followed on December 18, 2015.

On appeal, appellant argues that his sentence, which included mandatory minimum sentences for drug trafficking under 18 Pa.C.S.A. § 7508, is unconstitutional and illegal in light of *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013) (holding that any fact that, by law, increases the penalty for a crime is required to be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt). For the reasons discussed in *Commonwealth v. Fennell*, 105 A.3d 13 (Pa.Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015), and *Commonwealth v. Cardwell*, 105 A.3d 748 (Pa.Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015), this court has determined Section 7508 to be facially unconstitutional in its entirety. *See also*, *e.g.*, *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015) (concluding that 42 Pa.C.S.A. § 9712.1, regarding the distance between drugs and guns, must be struck down in its entirety as unconstitutional in light of *Alleyne*, as its subsections

are not severable); ***Commonwealth v. Valentine***, 101 A.3d 801 (Pa.Super. 2014), ***appeal denied***, 124 A.3d 309 (Pa. 2015) (by allowing the jury to determine beyond a reasonable doubt the elements of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. §§ 9712 and 9713, the trial court performed an impermissible legislative function, effectively determining that the unconstitutional provisions were severable).

Recently, however, our supreme court decided that ***Alleyne*** does not apply retroactively to collateral attacks on mandatory minimum sentences advanced in post-conviction relief proceedings. ***Commonwealth v. Washington***, ___ A.3d ___, 2016 WL 3909088 (Pa. July 19, 2016). ***Alleyne*** was not a groundbreaking, "watershed" rule of criminal procedure that applies retroactively on collateral review. ***Id.***; ***see Teague v. Lane***, 489 U.S. 288 (1989) (plurality) (a new constitutional rule of criminal procedure does not generally apply to convictions that were final when the new rule was announced). Therefore, appellant is not entitled to the benefit of ***Alleyne***.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2016